Parker, C. J.,
delivered the opinion of the Court.
We think that the general statute of 1804, c. 83, ought to have been observed in making the sale upon the execution in favor of Bridge, notwithstanding the provision in the act establishing this turnpike corporation. For it was intended to have a retroactive operation; and the fifth section provides expressly, that a sale made in this way only shall be good, notwithstanding a different mode may have been provided in the several acts of incorporation.
* The case relied upon for the defendant to show that [ * 243 ] the officer did right in pursuing the provisions of the act of incorporation, rather than those of the statute of 1804, does not maintain the position. The act of incorporation, referred to in the case cited, was enacted after the statute of 1804; and it was decided that a subsequent particular provision superseded a prior general one.
The sale under Bridge’s execution, according to the case cited, would be bad also for another reason, viz., for suffering more than four days to elapse, between the seizure on execution and the sale. The officer took the shares on the 19th of the month, and did not sell them until the 30th. The statute of 1783, c. 57, directing the issuing, extending, and serving of executions, does not allow the officer to keep chattels, taken in execution, more than four days; if he does not sell them within that time, he must seize and advertise anew
*196 The sale to Gold, therefore, was not authorized by law; and the only question is, whether he, as a purchaser at public auction, can hold the shares notwithstanding.
Generally, a purchaser of chattels at a sheriff’s sale, having received the goods and paid for them, will have the property, not withstanding any irregularity in the proceedings of the officer making the sale. [8 Mass. Rep. 326.] Purchases would not be made, and the interests of both debtor and creditor would suffer, if sales made by one having lawful authority, and appearing to have exercised it lawfully, should be avoided on account of some irregularity, which could not be known at the time. Even in such cases, however, the return of the officer ought to show a compliance with the law, or the purchaser would be unable to maintain his property.
But shares in a turnpike, or other incorporated company, are not chattels. They have more resemblance to choses in action, being merely evidence of property. The sale of them upon execution not being justifiable at common law, the statute must be strictly pursued, to give any property to the purchaser. [ * 244 ] * If, under an irregular sale, certificates of the shares were given to the purchaser, the case would be more analogous to the sale of a chattel; for the delivery of the certificate would be like the delivery of the chattel, and the transfer might be considered complete. But even in that case, unless by the return of the officer upon the execution, it appeared that the requisitions of the law had been complied with, the corporation might not be justified in giving certificates to the purchaser.
In the case before us, there was nothing done to change the property, before the execution was levied, under which the plaintiff purchased. He is, therefore, entitled to recover the amount of the dividends.

Defendant defaulted