## CLARK vs. FOXCROFT.

Where the sheriff justifies under *final* process, it is not necessary to show it returned.

In a suit against the sheriff for not levying an execution, it is a good defence that the plaintiff's judgment was fraudulent, the sheriff first proving that he represents a creditor of the judgment debtor, by showing a legal precept in his hands.

The sheriff, justifying under a brief statement, is not bound to prove all the facts therein stated, if enough is shown to constitute a good defence.

The title of a purchaser under a sheriff's sale may be good, without showing the execution returned.

THIS was an action of the case against the late sheriff, for neglect of his deputy in not levying an execution against one *Small*, on the goods attached on the original writ against him. The judgment was recovered at *October* term, 1826.

The sheriff pleaded the general issue, and filed a brief statement pursuant to the statute ; justifying his alleged neglect on the ground that certain other creditors of *Small*, impeaching the plaintiff's judgment as obtained by fraud, had placed their precepts in the hands of the deputy, by virtue of which he had sold the goods in question ; and that certain creditors of *Clark*, insisting that he was a partner with *Small*, had placed their precepts also in the same officer's hands, directing him to retain a moiety of the proceeds of sale to their use.

At the trial, the defendant showed one of the precepts against *Small*, mentioned in the brief statement ; and proved that it was delivered to the deputy within thirty days after the rendition of judgment in a suit in which the same goods had been regularly attached subsequent to the attachment of the plaintiff. And he also offered testimony tending to show both the fraud, and the partnership, as alleged.

The plaintiff called for proof that the execution had been regularly returned, with the doings of the officer thereon, into the clerk's office, agreeably to its precept, before the defendant could be entitled to impeach his judgment for fraud. And the Chief Jus-

tice ruled that until such proof was made, the defendant would not appear to have any such interest in the property as would entitle him to impeach the title of the plaintiff, or to interfere in the question of partnership between him and *Small.*

The defendant then prayed that the deputy might have leave to make out and annex to the execution a return of his doings thereon, which he had principally prepared during the trial. But this was refused by the Chief Justice, the sheriff and the deputy having been out of office about nine months.

The plaintiff also called for proof of all the other precepts mentioned in the brief statement; but after the motion to amend was denied, no further proof was offered. And the defendant filed exceptions to the decisions of the Chief Justice, the jury under his direction, having found for the plaintiff.

*N. Emery, Fessenden* and *Deblois,* supported the exceptions. To the point that it was not necessary for the sheriff to show his precept returned, they cited *Rowland v. Veale Cowp.* 18 ; *Hoe's* case, 5 *Co.* 90 ; *Mountjoy v. Andrews, Cro. El.* 237 ; *Morse v. James, Willes* 126, *note b* ; *Chesley v. Barnes,* 10 *East.* 82 ; 6 *Com. Dig. Retorn, F.* ; 2 *Chit. Pl.* 591, *note x* ; 3 *Dane's Abr.* 91 ; *Bealls v. Guernsey,* 8 *Johns.* 52 ; *Ingersol v. Sawyer,* 2 *Pick.* 279 ; *Adams v. Balch,* 5 *Greenl.* 188 ; *Gates v. Gates.* 15 *Mass.* 310 ; *Pierce v. Jackson,* 6 *Mass.* 242 ; *High v. Wilson,* 2 *Johns.* 48 ; 5 *Burr.* 2631 ; 1 *Wils.* 44. That it was competent for the defendant to have proved that half the goods were *Clark's,* against whom he held a precept; by way of reducing the damages; *Prescott v. Wright,* 6 *Mass.* 20 ; *Quincy v. Hall,* 1 *Pick.* 357. And that the motion to amend the return should have been granted; *Gardiner v. Hosmer,* 6 *Mass.* 327 ; *Hayward v. Hildreth,* 9 *Mass.* 393 ; *Waterhouse v. Waite* 11 *Mass.* 207 ; *Ladd v. North,* 2 *Mass.* 514 ; *Ludden v. Leavitt,* 9 *Mass.* 204 ; *Tidd's Pr.* 928 ; *Wells & al. v. Pickman,* 7 *D. & E.* 174 ; *Cooper v. Chitty,* 1 *Burr.* 20 ; 9 *Johns.* 99 ; 4 *Wheat.* 503 ; *How v. Starkweather,* 17 *Mass.* 239 ; 8 *Mass.* 326.

*Longfellow* and *Greenleaf,* for the plaintiff, contended that whatever might be the law in England; yet that in this State, by force of

38

statutory provisions, the sheriff was bound to return his precept, before he could justify under it.  *Stat.* 1821, *ch.* 59, *sec.* 37 ; *Stat.* 1821, *ch.* 60, *sec.* 3, 5 ; *Hammat v. Wyman,* 9 *Mass.* 138 ; *Winslow v. Purinton,* 7 *Mass.* 392.  But even in *England,* the sheriff must return a *ca. sa. Wickham v. Hobart,* 6 *Com. Dig.* 240. And the English authorities concur that he must return all those precepts which are either the foundation of farther proceedings, as mesne process ; or which are of a nature to be executed by an inquisition ; as an *extendi facias,* or an *elegit.*  And our writ of execution partakes of the nature of both these.  *Ladd v. Blunt,* 4 *Mass,* 402.

The amendment, they said, was properly refused ; the sheriff having been long out of office, and so not responsible for the act of the deputy if he should make a false return ; *Blake v. Shaw,* 7 *Mass.* 505 ; *Stat.* 1821, *ch.* 92, *sec.* 1 ; *Wells v. Battelle,* 11 *Mass.* 477 ; and it would be of mischievous tendency, as it went to the ground of the action, the suit being against the officer himself.  It is only in suits *inter alios* that such amendments have been allowed.

The opinion of the Court was delivered at the adjournment of this term in *August* following, by

WESTON J.  It is a principle well settled, and not contested in this action, that fraudulent judgments may be impeached by third persons, who may be injured, or be in danger of being injured by them.  The defendant at the trial, claiming to act in behalf of persons, liable to be injured by the plaintiff's judgment, attempted to prove that it was obtained by fraud.  Could he do so, without shewing the executions, which issued upon judgments in favor of the other creditors, in whose behalf he defends, as he alleges, with his doings thereon returned ?  It is certainly deducible from the English authorities, from *Fulwood's* and from *Hoe's* cases in *Coke,* to *Cheasley v. Barnes,* 10 *East,* 73 ; that an officer may justify under process of execution, without showing it returned.  And the law is so understood by *Comyns,* 6 *Dig. Retorn F.* 1. *Freeman v. Bluwit,* 1 *Salk.* 409, is an exception to the current of authorities; and it was disregarded by lord *Ellenborough* in *Cheasley v. Barnes* ; *Middleton v. Price,* 1 *Wils.* 17, was an arrest upon mesne process.  It

has been contended that these authorities do not apply in this State; because our statute has prescribed a fixed day for the return of executions. But a fixed day of return is also appointed in all the English forms of final process; for disobedience to which the sheriff is liable to be amerced. 5 *Com. Dig. Retorn F.* 1. *Hoe's* case, 5 *Co.* 90. So the sheriff may be there ruled to return final process; a course which in the English practice precedes an attachment; and the court may enlarge the rule at their discretion. *Wills v. Pickman,* 7 *D. & E.* 174. *Dane,* in his abridgment, *vol.* 3, *ch.* 75, *Art.* 12, states the substance of the English cases, without any intimation that they do not apply; or that the law is otherwise understood in Massachusetts.

In *Ingersoll v. Sawyer,* 2 *Pick.* 276, *Parker C. J.* in giving the opinion of the court, says that at common law a return is " wholly immaterial, if the process be final, upon which no judgment or other process is to be had, as a *fieri facias, capias ad satisfaciendum,* or *habere facias seisinam;*" and he cites *Fulwood's* case and *Comyn.* If such is the common law, by what statute has it been changed, as it respects the seizure of goods on execution, which is done upon *fieri facias* in the English practice? No doubt it is the duty of the sheriff to return the execution, in obedience to its precept; and any person injured may maintain an action against him, if he neglects to do so. In *How v. Starkweather,* 17 *Mass.* 240, *Parker C. J.* intimates that a purchaser at a sheriff's sale on execution, could not maintain his title, unless a compliance with the law was shown by the return of the officer; but he states in the same paragraph, that such purchaser will hold, notwithstanding any irregularity in the proceedings of the officer making the sale, for which he cites 8 *Mass.* 326. It is laid down by *Parsons, C. J.* in *Ladd v. Blunt,* 4 *Mass.* 402, that when goods sufficient to discharge a judgment are seized on *fieri facias,* a form of process combined with others in our execution, the debtor is discharged, even if the sheriff waste the goods, or misapply the money arising from the sale, or does not return the execution; for by a lawful seizure the debtor has lost his property in the goods." It would appear to result from the authority of this case, as well as from the common law, which held the return of a *fieri facias* imma-

terial, that the title of a purchaser under a sheriff's sale on execution might be good, although the execution might not be returned.

It is however not only the duty, but clearly for the interest of the sheriff, to return the execution, with his doings thereon. Such return will be evidence of his proceedings, when called upon either by creditor or debtor to answer for and justify what he has done, not liable to be controverted; except in an action for a false return. It would be attended with much greater difficulty to justify by evidence *aliunde;* but this he may be permitted to do, if a return is not essential to his justification; and at common law it is not so regarded. The law affords adequate remedies to any person injured by the misconduct of the sheriff; whether he does or does not return an execution committed to him. There is great weight of authority in support of the opinion that an officer may, if he can, furnish other proof, justify a seizure and sale of goods on execution without showing it returned, with his doings thereon. But it is not necessary to decide this point. It is not a seizure and sale of goods he is called to justify; but for neglecting to serve and return the plaintiff's execution; although goods were attached, to respond the judgment, on the original writ.

His defence is, that the judgment was fraudulent. In order to be admitted to this defence, it is insisted that it must appear, that he represents a creditor. And we are of opinion, that this does sufficiently appear. In behalf of other creditors, he made subsequent attachments of the goods in question. Judgments were duly rendered in favor of these creditors, and executions, issuing thereon, were put into the hands of the officer, within thirty days of their rendition. These facts appeared from evidence not objected to, or liable to objection. Suppose then the officer succeeds in his defence, to whose benefit does it enure? Clearly to that of the other creditors. Their claim to hold him accountable to them for the proceeds of the sales, will then be relieved from the conflcting and prior claim of the plaintiff. It is manifest that the defendant does not take this ground of defence for himself, or his deputy; for they cannot, upon the facts proved, escape accountability to the plaintiff, or to the other creditors; according to their priority of attachment. And wheth-

Clark *v.* Foxcroft.

er the executions are returned or not, the sheriff ought not to be twice charged, for the same goods. We are constrained to take notice from the facts proved, assuming that none of the executions have been returned, that there can be no other reason for the defence, but to let in the other creditors, and that it can have no other effect. Acting for them then, the defendant has a right to impeach the plaintiff's judgment; and if this defence is sustained, let the defendant answer as he may his liability to the other creditors, or to the judgment debtor. The plaintiff has no right to require him to justify any doings of his, affecting them. The officer often becomes a party, through and by whom the conflicting claims of creditors and purchasers, are settled. And there has been a liberality of practice, in permitting him to act in their behalf. Thus in actions of replevin, by the uniform practice of our courts, the officer is permitted to impeach the title of the plaintiff as fraudulent against creditors; although he does not set forth his authority in an avowry; and there is nothing in the record to show that he is acting for a creditor. *Quincy v. Hall*, 1. *Pick.* 357.

With regard to the omission of the deputy to make a formal return, on the executions in favor of creditors, whose attachments were subsequent to that of the plaintiff, these creditors might, and probably did, waive their right to require this; until the validity and effect of the plaintiff's judgment should have been determined. Their executions could then be returned satisfied or not, according to the result. It has never been our practice to proceed by attachment, with or without a rule to show cause, against the sheriff for not returning process mesne or final; although the common law would authorize such a course of proceeding. Parties injured are left to their civil remedies; and these they may prosecute or waive at pleasure. If our courts were in the practice of ruling sheriffs to return final process, the officer might furnish a just excuse for his neglect to return the executions in question, until the determination of this suit. If the plaintiff prevails, it will be his duty and his interest to return the goods seized and sold upon his execution. If he does not, to apply and return them on the other executions, according to their priority.

When process, whether mesne or final, is returned by the officer, with his doings indorsed thereon, such return becomes matter of re-. cord; and as such may be pleaded. 4 *Mass.* 403. If not according to the fact, through inadvertency or otherwise, application may be made to the court by the officer, for leave to amend it. This is granted or refused, according to circumstances. In the exercise of this discretion, no exception lies to the determination of the judge. But the officer may enter his doings upon an execution in his possession, before he has returned it to the clerk's office, without asking or obtaining permission of court. Nothing is more common than for him to do so, after the return day of an execution. He acts at his peril; and is held responsible for any thing false or irregular in his proceedings. It has been contended that he cannot do this, after his official power has ceased, by the expiration of the term for which the sheriff was appointed. To this it is a sufficient reply, that his authority and duty in relation to precepts in his hands, when the sheriff's office terminated, is continued until such precepts are served, executed and returned. Statute of 1821, *ch.* 92, *sec.* 1.

It is insisted that the defendant, having in his brief statement, averred a seizure and sale under the executions, in favor of the other attaching creditors, is bound to prove it, and can prove it only by the return of such executions. If the defendant attempted to prove any thing, of which the plaintiff could have no notice from the brief statement, or any thing inconsistent therewith, the plaintiff might well object to such a course; but the defendant is bound to prove only so much of his brief statement, as constitutes a good defence. All which he can be required to prove is, that he represents a creditor, and that the plaintiff's judgment is fraudulent. If he has introduced unnecessary averments, he is not to be prejudiced thereby. The strictness required in pleading, is not applied to a brief statement; which is an indulgence allowed to the officer, for his benefit and relief. *New trial granted.*