## HARRIS *vs.* STEVENS.

S, on the 6th March, made a written proposal to H, to convey to the latter all his right and title in certain shares in a turnpike, at $5 per share, provided H gave security for the price by the 24th March. After this, S received a dividend upon the shares, and H not being apprized that the dividend had been received, on the 18th March gave security for the price, and took a conveyance of all the interest S then had in the shares. It was *held*, that the dividend received by S belonged to H, and might be recovered in an action for money had and received.

This was an action for $300, money had and received by the defendant for the use of the plaintiff.

The cause was tried upon the general issue at April term, 1835, and a verdict taken for the plaintiff, subject to the opinion of the court upon the following case.

On the 6th March, 1834, the defendant, being the owner of certain shares in the Croydon Turnpike Corporation, made and delivered to the plaintiff a written memorandum, as follows :

" *March* 6, 1834. It is hereby understood between me ' and J. Harris, of Plainfield, that if the said Harris shall by

' the 24th of March instant give me good security and inte-
' rest for my property in the Croydon Turnpike road, at the
' rate of $5 per share, which will be between ninety and a
' hundred shares, then I quitclaim all my right and title to
' him.                          J. STEVENS."

On the same day the annual meeting of the said corpora-
tion was holden, and it was voted by the corporation " that
' the director shall make a dividend of all money arising from
' toll, after deducting the necessary expenses and costs of
' repairs, among the proprietors in proportion to their respec-
' tive shares, and shall also give orders on the treasurer for
' the payment of the same whenever he may think it expe-
' dient; and shall also make assessment on all shares, when
' the interest of the corporation in his opinion shall require
' it." At the same time the defendant was elected sole di-
rector for the year.

After delivering to the plaintiff the memorandum above
mentioned, and after the adjournment of the said meeting of
the corporation, there being certain monies in the treasury,
the defendant directed the treasurer to pay out a dividend of
$2 on each share, and received of the treasurer that sum on
each of the shares he then held.

On the 18th March, 1834, the plaintiff, not knowing that
the defendant had received the said dividend upon the shares,
gave security for the price of the shares at the rate of $5
for each share; and the defendant at the same time by deed
conveyed all his right, title and interest in the shares to the
plaintiff.

This action was brought to recover of the defendant the
amount of the dividend received by him upon the shares as
above stated.

*Handerson* and *Wilson,* for the defendant, contended that
the memorandum made on the 6th March by the defendant
was a mere proposal and no evidence of a contract. Harris
was not bound to take the shares, and of course Stevens was

not bound to convey them,—there being no consideration to sustain an agreement to convey. No binding contract was made until the 18th March, and the contract then made has been fully performed on the part of the defendant.

*Hubbard & Gilchrist*, for the plaintiff, insisted that although the memorandum might not have shown a binding contract on the 6th March, but a mere proposal, yet when the plaintiff on the 18th March accepted the proposal, and gave security for the price of the shares, he was entitled to have all the interest which the defendant had in the shares on the 6th March, when the proposal was made.

RICHARDSON, C. J., delivered the opinion of the court.

We are of opinion that the plaintiff is entitled to retain the verdict.

Shares in corporations are not strictly speaking chattels, but are rather in the nature of choses in action. They may, however, be the subject of a contract to sell. *Angel & Ames on Corporations*, 316 ; 2 *Bingham*, 393 ; 2 *Pickering*, 243 ; 9 *ditto*, 202 ; 6 *ditto*, 324 ; 8 *ditto*, 90 ; 17 *Mass. R.* 240 ; 10 *ditto*, 476 ; 9 *Vezey*, 174 ; 3 *Binney*, 394.

It is unnecessary to consider, whether any binding contract was made on the 6th March. For, if the memorandum amounts to nothing more than a mere proposal, still it was without question a proposal to convey to the plaintiff all the interest the defendant had in the shares when the proposal was made. And when the plaintiff on the 18th March accepted the proposal, and gave security for the price, according to the offer, he was by the terms of the bargain entitled to all the interest in the shares which the defendant had when the offer was first made : and the dividend which the defendant received after that offer must in equity and good conscience be considered as the money of the plaintiff.

*Judgment on the verdict.*