## SAMUEL P. ALLEN *vs.* EDWARD HALL.

A. attached the goods of B. his debtor, and caused them to be sold at auction on the writ, without conforming to the provisions of the Rev. Sts. *c.* 90, §§ 57–61, and himself became the purchaser of the goods, and took them into his possession. *Held,* in a process of foreign attachment, in which A. was summoned as trustee of B., that he could not set off the debt, due to him from B., against the value of said goods, but that he was chargeable, as trustee of B., to the amount of the value of the goods.

SCIRE FACIAS. The defendant had been summoned as trustee, in a suit brought by the plaintiff against Joseph Tufts, in the court of common pleas, and been charged, on his answers, as trustee of said Tufts. But as he refused to expose any property on the execution, which issued on the plaintiff's judg-

ment against Tufts, or otherwise to satisfy that execution, the present suit was commenced at the April term 1841, of the court of common pleas, when the defendant was permitted to make further answers. From those answers it appeared, that previous to the service of the trustee process on the defendant, said Tufts was indebted to him, and that he had commenced a suit against Tufts, attached his personal property, and caused said attached property to be sold at auction, by the officer who attached it, or by an auctioneer appointed by the officer, and that the defendant himself became the purchaser of most of said property, and took possession thereof ; but that there was no consent of Tufts that the property should be so sold, (he having absconded,) nor any appraisement thereof, according to the Rev. Sts. *c.* 90, §§ 57 – 61. On these facts, the defendant claimed a right to set off the amount of the debt due to him from Tufts, against the value of said property so in his hands. This claim was allowed by the court of common pleas, and the defendant was discharged. The plaintiff thereupon appealed to this court.

*F. Hilliard,* for the plaintiff.

*Griggs,* for the defendant.

SHAW, C. J. In *scire facias* against a trustee, the question is, whether the defendant can set off demands, which he had at the time he was summoned in the suit, against Joseph Tufts, the principal defendant.

The trustee process, provided for by statute, manifestly contemplates two distinct classes of cases, in which a creditor may avail himself of its provisions to secure his debt, by attaching property in the hands of a third person ; the one, when the trustee has in his custody, or under his control, goods or chattels, liable by law to be attached on mesne process, by the ordinary writ of attachment ; the other, where the trustee is a debtor to the principal defendant, and owes him money, either due and payable presently, or existing as a debt at the time of the attachment, though payable at a future day. *Maine F. & M. Ins. Co.* v. *Weeks,* 7 Mass. 438. *Swett* v. *Brown,* 5 Pick. 178.

This distinction is founded on the statute rendering *goods* and

*credits,* respectively, liable to attachment. In the former case, the attachment binds the goods specifically, creates a lien upon them, of the same nature and to the same extent, as an ordinary attachment on mesne process, although the goods are to *stand charged,* in the hands of the trustee, so that the custody remains with the trustee, instead of being taken by the attaching officer, unless a subsequent attachment is made by another creditor, which may be done, subject to the first attachment. *Parker* v. *Kinsman,* 8 Mass. 486. *Burlingame* v. *Bell,* 16 Mass. 318. But in both cases, the goods thus charged are deemed to be in the custody of the law, and they are made applicable to the purpose for which they are attached and held, in the same manner ; that is, by being advertised and sold by the officer on execution, and the proceeds applied to its satisfaction. The only difference is, that in the case of the trustee attachment, the goods, having remained in the custody of the trustee, must be by him exposed and delivered over to the officer holding the execution ; whereas, in the case of an attachment by the ordinary process, the goods are in the custody of the officer, ready to be sold on the execution, when it comes into his hands for satisfaction.

But under the other clause of the statute, rendering *credits* liable to be attached, the case is wholly different. It affects another species of property, and accomplishes its purposes in an entirely different mode. The great question then, the only question is, whether he *owes* the principal debtor any thing ; and if it appears that he does, he is held liable to pay it to his creditor's creditor, instead of paying it to the creditor himself. It is unnecessary here to consider the various questions which may arise, as to the nature of such debts, whether absolute or contingent, and the nature of such contingency ; whether, if uncertain at the time, it can be made certain at a future time, by sales, collections of money or other proceedings, showing that in point of fact the trustee was a debtor to the principal at the time of the attachment. In such cases, although the facts are subsequently disclosed, and the accounts subsequently adjusted, in order to

charge the trustee, the result must show that the trustee was a debtor to the principal, at the time of the attachment.

This distinction between the two classes of cases will go far to show in what cases the trustee may or may not set off such claims as he may have against the principal debtor, and to reconcile what may, without discrimination, be deemed to be conflicting authorities.

On the provision, in which the trustee is charged as a debtor, it is very obvious that as he is a mere third party, called in to pay his debt, in a manner different from that in which he was bound to pay it, and in which his own rights are not drawn into controversy, he ought not to be placed in a worse situation than he would be, if he were called to make the settlement with his creditor. The balance only, after all just allowances, is the sum for which he ought to be held. He shall therefore have the benefit of a set-off, legal or equitable, in his own right, or in the right of those with whom he is privy, and in whose favor the debt claimed to be due from the trustee could, in his hands, be made available, by way of set-off in any of the modes provided by law. *Hathaway* v. *Russell*, 16 Mass. 473. *Picquet* v. *Swan*, 4 Mason, 443.

But where the trustee has goods in his custody, the property of the principal defendant, and in their nature liable to be attached by the process of law, the question, whether the trustee has any right to set off claims of his own, must depend upon the fact whether he has any lien, legal or equitable, upon such goods, or any right, as against the owner, as whose property they are attached, by contract, by custom, or otherwise, to hold the goods, or to retain the possession of them, in security of some debt or claim of his own. If the party, who is summoned as trustee, has a mere naked possession of the goods, without any special property or lien ; if the principal debtor is the owner, and has a present right of possession, so that he might lawfully take them out of the custody, or authorize another to take them out of the custody, of the present holder ; they would be liable to be attached as the property of the general owner, by an officer, under the common process of attachment, if he could have ac-

cess to them, and no right of the trustee would be violated. But if the officer cannot have access to the goods, so as to take them into custody ; if they are secreted by the trustee, or if the trustee sets up pretended claims and rights of possession, so that the creditor and officer cannot safely take them out of the custody of the trustee, and require the answer and disclosure of the trustee, as to the grounds of his claim to the property or possession ; then he may be summoned as trustee ; and if it shall subsequently appear, on his disclosures, that he had only such naked possession, without any lien or right of possession, then the goods stand *charged* in his hands, till judgment and execution · and he has no greater right to charge these goods with a debt of his own, by way of set-off, than he would have had, if the goods had been taken into custody by the officer, at the time of the attachment. This, we think, is the result of the laws on this subject. *Allen* v. *Megguire*, 15 Mass. 490. *Swett* v. *Brown*, 5 Pick. 178. *Brewer* v. *Pitkin*, 11 Pick. 298.

We are next to consider how these principles apply to the facts of the present case. It appears that the respondent, Hall, sued out a writ against his debtor, Joseph Tufts, and caused his goods to be attached by an officer. Before judgment, without the consent of the debtor, and without the appraisement and certificate required by law to warrant a sale of goods attached on mesne process, the defendant caused the goods to be sold, and himself became the purchaser of the greater part of them, and, for aught that appears in his answers, had them in his possession at the time of the service of this trustee process. This sale, it is manifest, was wholly void, being not conformable to the Rev. Sts. *c.* 90, and not authorized by law. *Howe* v. *Starkweather*, 17 Mass. 240. *Russell* v. *Dudley*, 3 Met. 147.

The respondent obtained the bare custody of the goods, without lawful possession or right of possession. If the respondent could have the goods in security of his original debt against Tufts, or set off that debt, under this process, he would in effect get possession of his debtor's goods, under color of legal process, without conforming to the requisitions of law, and thus avail himself of such unauthorized possession, to the same ex-

tent as if he had taken and sold the goods on execution in con-formity to law ; which he cannot do.   The court are of opinion that upon his answers, the respondent was chargeable for the goods of Tufts, when they thus came into his possession, and that not having exposed and delivered them over to be sold, when demanded on the execution, he is now answerable on this *scire facias,* for their value.