THE MERCHANTS' MUTUAL INSURANCE COMPANY V. J. H.
BROWER & CO.

1. The plaintiff suggested the death of a non-resident defendant and obtained
   an order for *scire facias* to his representative. The clerk afterwards is-
   sued citation to the defendant for publication, which was returned by
   the sheriff as "received on the eighteenth of September, 1871, and exe-
   cuted on the twentieth of September, 1871, by causing its publication,"
   etc. At a subsequent term the suggestion of death was corrected on
   ascertaining the defendant was still living. *Held*, that the court had
   acquired no jurisdiction over the defendant.
2. Stock in a corporation is not subject to attachment.

ERROR from Galveston. Tried below before the Hon.
A. P. McCormick.

The opinion contains a statement of the case.

*Ballinger, Jack & Mott*, for plaintiff in error.—We
submit that the citation against Jenny was wholly with-
out legal authority. If a party alleges and the court pro-
nounces a party dead and orders process to his legal rep-
resentative, surely its clerk is not a functionary *ex mero
motu*, without suggestion to the contrary in the records,
to correct the error of the court. Process is grounded on
the allegations of the pleadings, unless there be orders of
the court, which, of course, control the clerk of the court;
and to recognize in the clerk of the court a power by issu-
ing a citation for publication to acquire jurisdiction over
a party pronounced by the court to be dead would be
the grossest absurdity. (Ward v. Latimer, 2 Texas, 245.)

The return of the sheriff does not show publication of
citation to Jenny. The return is that he received the ci-
tation on the eighteenth of September and executed it on
the twentieth by causing its publication for four weeks
"prior to returning thereof." *Non constat* that it was
published at all. Causing it on the twentieth, two days

after its receipt, to be published four weeks was a physical impossibility. He could bargain for it, order it, but the publication was a future event. Return that the sheriff had ordered publication and printer's affidavit of publication insufficient. The sheriff must officially state the actual fact of publication. (Goodlove v. Gray, 7 Texas, 484; Blossom v. Letchford, 17 Texas, 649; Edrington v. Allsbrooks, 21 Texas, 186.)

Stock in a corporation is not subject to attachment. (Haley v. Reed, 16 Ga., 437; Nashville Bank v. Ragsdale, Peck's R., 296; Hayne v. Stockweather, 17 Mass., 240; Foster v. Potter, 37 Mo., 525.)

Our acts alone recognize the attachment of "property" (Dig., Arts. 138 to 155), and choses in action or stocks cannot be attached or sold under execution. The question is carefully settled in an opinion by Chief Justice Hemphill, in Price v. Brady, 21 Texas, 614; reaffirmed by Judge Wheeler in Taylor v. Gillean, 23 Texas, 514, 515, and in other cases.

*Flournoy & Sherwood*, for defendant in error.—It is claimed, first, that the clerk issued citation without authority and without jurisdiction, and when the record showed the defendant to be dead. To this we answer, that the clerk but did his duty under the law, and was bound to issue the citation, and could have been compelled to do so had he refused; while the suggestion of the death of the defendant was shown to be a mistake, and duly corrected before judgment. We submit that the record shows a legal citation by publication.

If the defendant had property in the county, then the court had jurisdiction. If the defendant, Jenny, had property, these defendants, as plaintiffs, had the right to sue out the attachment.

The citizen may have service by publication or attach-

ment. (Ward v. Lathrop, 11 Texas, 287; Butterworth v. Kinsey, 14 Texas, 500.)

And the non-resident is entitled to the same privileges as the citizen, where there is property of defendant. (Ward v. McKenzie, 33 Texas, 313.)

In Paine v. Moreland, 15 Ohio, 435, the court say: "A court acquires jurisdiction by its own process. If the process of the court be executed upon the person or thing concerning which the court is to pronounce judgment, jurisdiction is acquired. The writ draws the person or thing within the power of the court; the court once having, by its process, acquired the power to adjudicate upon a person or thing, it has what is called jurisdiction.

It has been always held that a garnishee cannot reverse a judgment on account of mere irregularities in the proceedings in the main action. They affect only the defendant, and he alone can take advantage of them. (Drake on Attachment, § 697; Stebbins v. Fitch, 1 Stewart, 180; Parmee v. Bullard, 3 Stewart, 326.)

Walker, J.—There are several interesting questions involved in this case, but they are all so well settled upon authority and by statute, that we shall endeavor to arrive at a solution of the case without discussing them *seriatim*.

The defendants in error are non-residents of the State. They sued C. H. Jenny, also a non-resident, in the District Court of Galveston county for a balance on account of about $3000. Jenny, it appears, owned stock in the Merchants' Mutual Insurance Company, which had its locus in Galveston. Suit was commenced by attachment, the stock in the company was levied upon, and the company garnisheed.

An affidavit was made setting forth that Jenny was a non-resident, and that he owned assets in the county of Galveston.

The attachment was levied on $2500 stock in the insurance company.

Application was also made for the writ of garnishment (not under oath), which stated that the company had effects and credits in possession belonging to Jenny. The writ was issued to the Merchants' Mutual Insurance Company, John S. Sellers, President, calling for an answer under oath, and Sellers was served with a writ.

On the twenty-first of June, 1869, a supplemental petition was filed, alleging the seizure of $2500 stock in the Merchants' Mutual Insurance Company, by the sheriff's return worth only $700. An alias attachment was issued and levied on personal property claimed by Fanny Watson, who intervened.

At the March term the death of Jenny was suggested, and the cause continued for service. At the September term, without setting aside the suggestion of the death of Jenny, after order for *scire facias* formally obtained, the clerk issued a citation, by publication, for Jenny, demanding his appearance. The writ is returned by the sheriff as received on the eighteenth of September, 1871, and executed on the twentieth of September, 1871, by publication.

At the November term the cause is again continued for service. At the March term, 1872, the suggestion of Jenny's death was withdrawn, as having been made by mistake. The cause was then submitted to a jury. The jury found in favor of Fanny Watson for all the property levied on under the alias attachment, and also found for the plaintiffs against Jenny a verdict for over $4000. The court entered the judgment, and ordered the sale of the stock in the insurance company. On the sixteenth of April, the insurance company not having answered the writ of garnishment, a judgment was taken against it for the whole amount of the judgment against Jenny.

There is error throughout these proceedings. The court never had jurisdiction of the defendant Jenny; no valid judgment could be rendered against him, and none could follow against the garnishee without it. Stock in a corporation is not subject to attachment. (Haley v. Read, 16 Georgia, 437; Nashville Bank v. Ragsdale, Peck's Reports, 296; Hayne v. Stockweather, 17 Mass., 240; Foster v. Potter, 37 Mo., 525; Price v. Brady, 21 Texas, 614; Taylor v. Gillean, 23 Texas, 514, 515.) .

The judgment must be reversed and the cause dismissed.

REVERSED AND DISMISSED.