INHABITANTS OF SOUTH BERWICK, Petitioners,

*vs.*

COUNTY COMMISSIONERS.

York.    Opinion November 19, 1903.

*Certiorari.  County Commissioners.  Jurisdiction.  Record.  Answer.  Deed,* Indivisible Grant.  *Words.  Way* "subject to a gate."  *R. S., (1883) c. 18, § 53.*

The jurisdiction of the court of County Commissioners cannot be presumed when their proceedings are examined by this court on the hearing of a petition for writ of certiorari; the necessary jurisdictional facts must affirmatively appear by the record, or be properly supplied by the answer.

The answer in certiorari, in order to supply the omission in the record of findings of jurisdictional matter by the commissioners, must not only be under oath, but should set out facts conferring jurisdiction, which were actually adjudicated, but by inadvertence omitted from the record.

In order to give the County Commissioners jurisdiction to adjudge a way unsafe and inconvenient for travelers, on the petition mentioned in R. S. (1883) c. 18, § 53, it must appear that the way is one which the town is bound to maintain, and that the municipal officers have had the required five days' notice of the defective condition.

A qualification in a deed that the conveyance thereby made is " for the purpose of a way, etc., to be subject to a gate at said highway," charges the land granted with a perpetual servitude of a gate which cannot be released, except by the grantor or his successor in title.

The gate, by the language used, became part of the way; for stripped of all verbiage such a conveyance is " a way subject to a gate." The grant is indivisible, the gate and the way being created at the same time and by the same authority.

Neither the grantee in such a conveyance nor his successor in interest can give sufficient title to the way in question to authorize either of them, whatever their intention, to dedicate it to the public use as a highway.

On report.    Writ of certiorari granted.

This was a hearing on a petition for a writ of certiorari to quash the proceedings of the County Commissioners of York County who had ordered the town of South Berwick to repair an alleged town way in that place.

The facts appear in the opinion.

*Geo. C. Yeaton; C. D. Varney,* for petitioners.

*W. S. Mathews,* for respondents.

SITTING:  WISWELL, C. J., STROUT, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

SPEAR, J.  Petition for writ of certiorari to quash the proceedings of the County Commissioners of York County in directing the town of South Berwick to repair an alleged town way in said town. While the parties raise no question as to the formalities of the record sent up, the record, itself, upon inspection, discloses defects fatal to the validity of the proceedings.  Turning to the record, we find no adjudication that the town of South Berwick was liable to maintain the way described in the petition, or any adjudication of facts upon which such liability follows as a legal conclusion.  Nor is there any adjudication that one of the municipal officers of said town had five days' notice or knowledge of the defective condition of such way. But R. S. (1883), c. 18, § 53, governing these proceedings, provides "when a town liable to maintain a way, unreasonably neglects to keep it in repair, as aforesaid, after one of the municipal officers has had five days' actual notice or knowledge of the defective condition, any three or more responsible persons may petition" etc.  Both the liability of the town to maintain, and the five days' notice, under this statute, are necessary jurisdictional facts and should appear of record, as adjudicated.  Their failure to so appear is fatal, as jurisdiction cannot be conferred, even by consent.  *Powers* v. *Mitchell,* 75 Maine, 364.

Neither can the jurisdiction of the court of County Commissioners be presumed but must affirmatively appear of record.  The answer does not supply the omission, first because it is not under oath, and second because it does not set out any facts conferring jurisdiction actually adjudged but inadvertently omitted from the record.  It does set out that the way is a public town way.  This, however, is a legal conclusion and the answer therein is not conclusive, as it would be if it recited the facts from which such a conclusion must follow.

Therefore the record, when supplemented by the answer, fails to show jurisdiction. It may be here observed that the petitioners do not specifically allege the errors upon which the decision in this opinion is based, but "the respondents appeared and answered and presented a copy of the record of the proceedings duly certified which is made a part of the case. We shall therefore consider the case as if the petition contained the proper allegations." *Emery* v. *Brann*, 67 Maine, p. 44. A writ of certiorari lies only to correct errors of law, and when such errors appear by an inspection of the record, and then only, will the writ issue. The principles of law governing this case have so recently been announced in *Stevens* v. *County Commissioners*, 97 Maine, 121, that it is unnecessary to again repeat them.

While the writ in this case is to issue for want of jurisdiction for the reasons above stated, it is apparent that the petitioners, in assigning want of jurisdiction as the error upon which they rely, had in mind entirely different reasons therefor, as the errors in the record are not alluded to at all as the ground upon which the petitioners proceed. The errors which authorize the writ are omissions which affect the present procedure but not the merits of the case. The error assigned in the petition, however, goes to the very life of the case, but it should have been raised by appeal and not by a petition for a writ. *Phillips* v. *County Commissioners*, 83 Maine, 541; *Stevens* v. *County Commissioners*, 97 Maine, 127.

The well defined rules of practice in this class of cases require a decision based upon the condition of the record as presented; yet, it may not be inadvisable to also consider the case upon the issue, treated by both parties as the only issue involved, and the only one discussed by them in their briefs, a determination of which will be decisive of any further controversy, namely, "that said court of County Commissioners had no jurisdiction of the petition, or of the way therein described, and its acts in making said order and decree are erroneous and the records thereof are erroneous and illegal for the following reasons, viz: "Because the said way described in said petition never was, and is not now, a town way, which said town of South Berwick was, or is, liable to keep in repair; but always was, and is now a private way, and not a public way of any kind." The

petitioners say in their brief that "the only question contested at the hearing was that of the jurisdiction of the County Commissioners." Being an inferior court their jurisdiction depended, entirely, upon the existence of a town way; the validity of their acts upon their jurisdiction; hence, if a town way, their acts were valid; if not, invalid. It was also unquestioned that if the bridge in controversy was a town way, it became such solely by the act of dedication. The case is reported and "upon so much of the evidence as is legally admissible, the law court is to enter such judgment as the rights of the parties may require."

This brings us to the immediate consideration of the question at issue: Had the road complained of become a town way by dedication? Dedication is an appropriation of land to some public use, made by the owner of the fee, and accepted for such use by or on behalf of the public. A primary condition of every valid dedication is that it shall be made by the owner of the fee. Under the above rule of law, we do not think John G. Dorr, the original grantee of the way in question, or Charles H. Dorr, his successor in title, had such ownership of said way as to enable either of them to make it a town way by dedication. The title to the way in question was conveyed to John G. Dorr by Chadbourn Warren in 1857, by a warranty deed containing the following description: A certain tract or parcel of land situated in said South Berwick and bounded beginning at the south-east corner of the school house near the dwelling-house of said Warren at the highway leading from said South Berwick to said Warren's; thence easterly by said road two rods to a stake; thence northerly about seventeen rods to a hub on the banks of the Great Works River near the south-east corner of said Dorr's bridge; thence in the same course to the center of said river; thence westerly by said center of said river two rods; thence southerly on a line parallel with said second line about eighteen rods to the point commenced at containing thirty-six square rods more or less for the purpose of a way from said highway to said Dorr's land to be subject to a gate at said highway and said way not to be fenced by either party, and the said Dorr to build sufficient culverts across said way.

In *White* v. *Bradley*, 66 Maine, 261, the court say: "It is a well

settled doctrine of the law that the grantee, in a valid and operative deed poll under which he derives and enjoys a title by its acceptance, becomes bound by its restrictions, limitations, reservations and exceptions contained in it, and it does not lie in his mouth to impeach it, or reject the burden it imposes; and the deed may charge other lands with a servitude, besides those which are the subject of conveyance. *Winthrop* v. *Fairbanks*, 41 Maine, 307; *Vickerie* v. *Buswell*, 13 Maine, 289; *Newell* v. *Hill*, 2 Met. 180."

*Newell* v. *Hill*, supra, was a case very similar to the one at bar. "The plaintiff conveyed to the defendant, by deed and for valuable consideration, a tract of land described, bounding it on one line by the grantor's own land. In the body of the deed is the following stipulation: 'The said Josiah Hill, his heirs and assigns, to build and forever maintain a good and sufficient fence the whole extent of the line bounding on the grantor's land'. This, although it purports to be a stipulation on the part of the grantee. and although the deed is not signed by the grantee, is still a valid and binding contract on his part. A deed poll, when accepted by the grantee, becomes the mutual act of the parties, and a stipulation, on the part of the grantee, though it cannot be declared upon as his deed, yet by force of his acceptance, is a valid contract on his part, by which a right may be reserved or granted, or upon which a suit may be maintained."

In *Vickerie* v. *Buswell*, 13 Maine, 289, the qualification in the deed was: "Brook to remain for the use of the mills, as heretofore, forever." The court say, referring to the brook, "it was to remain as before." "The enjoyment of the property released to the complainant, is to that extent qualified."

The qualification in the deed to John G. Dorr, that the conveyance was "for the purpose of a way, etc., to be subject to a gate at said highway" was one which charged the land granted with the perpetual servitude of a gate, which could not be released, except by Chadbourn Warren or his successor in title.

The gate, by the language used, became a part of the way. The conveyance, stripped of all verbiage, was "a way subject to a gate," an indivisible grant, the gate and the way being created at the same time by the same act and by the same authority. The purpose

of the qualification clearly indicates that the gate was to run with the way.   Not only did the grantor provide for a gate, but exemption from fencing along the sides of the way.   This was evidently to prevent the grantee of the way from dividing the field through which it passed; and the gate to prevent the stock upon the farm from straying into the highway.   These are servitudes of a permanent nature running with the occupancy and use of the farm, and affecting its market value.

We are of opinion that neither John G. Dorr nor Charles H. Dorr, his successor, had such title to the way in question as would authorize either of them, whatever their intention, to dedicate it to public use.

We have discussed the nature of the way involved, not as a ground upon which the writ is granted in this case, but as a possible aid to the parties in determining their future action in regard to the one issue raised by counsel upon both sides in their briefs.

*Writ granted.*