WEST COVE GRAIN COMPANY *vs.* JAMES A. BARTLEY et als.

Piscataquis.    Opinion March 29, 1909.

*Jurisdiction.    How Same is Acquired.    Irregularity of Summons or Notice may be Waived.    How Same may be Waived.    Disclosure Commissioners.    Subpoenas. Where Same Should be Made Returnable.    Application for Subpoena by Attorney not Attorney of Record.    Substituted Commissioner. Statutes, 1905, chapters 131, 134; 1907, chapter 2. Revised Statutes, chapter 114, sections 19, 23, 35, 65.*

There are three essentials to legal jurisdiction, viz:  The court must have 1.  Jurisdiction of the subject matter.  2.  Jurisdiction of the parties. 3.  Authority to decide.

Jurisdiction of the subject matter is conferred by the law which organizes the tribunal, and jurisdiction of the person is the power ordinarily obtained by the service of a summons or other proper notice or by an appearance.

The universal rule is that unless the tribunal has jurisdiction of the subject matter, the proceedings are void and the objection that such jurisdiction is not given by law cannot be waived by the parties.  But where the court has jurisdiction of the subject matter and from any irregularity of summons or notice, it has not obtained jurisdiction over a party to the controversy, he may waive the objection by appearing and taking any other part in the proceedings than making objection thereto.

Revised Statutes, chapter 114, section 23 as amended by chapters 131 and 134 of the Public Laws of 1905 and by chapter 2 of the Public Laws of 1907, relating to poor debtors, provides as follows :

"Section 23.  Such magistrate shall thereupon issue under his hand and seal a subpoena to the debtor, commanding him to appear before such magistrate within said county, in the town in which the debtor, the petitioner or his attorney, resides, and in case there is not such magistrate in the town where the debtor, the petitioner or his attorney resides, then in the town where there is such a magistrate nearest to the place of residence of the debtor, the petitioner or his attorney, at a time and place therein named, to make full and true disclosure, on oath, of all his business and property affairs.  The application shall be annexed to the subpoena. No application or subpoena shall be deemed incorrect for want of form only, or for circumstantial errors or mistakes, when the person and the case can be rightly understood:  Such errors and mistakes may be amended on application of either party."

*Held:*  That when "there is no such magistrate in the town where the debtor, the petitioner or his attorney resides," and application for a subpoena is made to a magistrate" nearest to the place of residence of the debtor the

petitioner or his attorney," the subpoena should be made returnable before such magistrate in the town where he resides and not in another town, although in the same county, where his office is located.

When a disclosure commissioner having jurisdiction of the subject matter, has issued a summons to a debtor to appear before him and make disclosure and such disclosure commissioner is unable to attend, the Judge of Probate acting ex-officio as disclosure commissioner, may attend at the time and place named in the subpoena and take the disclosure of the debtor.

When an attorney has an execution legally in his hands for collection, it is prima facie evidence of his authority to act for the judgment creditor, and he may as attorney of the judgment creditor, although he is not the attorney of record, apply for a subpoena commanding the debtor to appear before a disclosure commissioner and make disclosure, and the burden of showing that he is not authorized is upon the debtor. The statute does not restrict the attorney who may apply for the subpoena to the creditor's attorney of record or an attorney authorized by power of attorney.

Where a judgment debtor and a disclosure commissioner resided in the same county and the disclosure commissioner having jurisdiction of the subject matter, and on application therefor, issued a subpoena commanding the debtor to appear before him and make disclosure, and which subpoena by law should have been made returnable before the disclosure commissioner in the town where he resided but was erroneously made returnable in another town in the same county where he had his office, and the debtor appeared at the time and place named in the subpoena and submitted to an examination and was examined by the attorney for the creditor and by his own attorney and also by the disclosure commissioner, and at the close of the hearing the debtor's attorney moved that the oath be administered to the debtor, and the oath was refused and a capias was annexed to the execution and the debtor was arrested and thereupon gave bond, *Held:* That the debtor waived all objections to the irregularity of the summons in commanding him to appear before the disclosure commissioner in a town other than that in which the disclosure commissioner resided.

On report.    Judgment for plaintiff as stated in the mandate.

Action of debt on a poor debtor's bond, brought by the plaintiff against the defendants, James A. Bartley as principal, and Minnie M. A. Bartley and Mark B. Emery as sureties.    When the action came on for trial an agreed statement of facts was filed and the case was reported to the Law Court with the stipulation "that the Law Court may render judgment as it may find the facts authorize, in accordance with the provisions of section sixty-five, chapter one hundred and fourteen, of the Revised Statutes."

The case is stated in the opinion.

*W. A. Johnson,* for plaintiff.

*M. L. Durgin,* for defendants.

SITTING : EMERY, C. J., SAVAGE, PEABODY, CORNISH, KING, BIRD, JJ.

PEABODY, J.   This is an action of debt on a poor debtor's bond brought by the plaintiff against the defendant, Bartley, as principal, and the sureties thereon.   The bond is dated March 23rd, 1907, and was given to obtain release of the principal from arrest on a capias issued by Calvin W. Brown, Judge of Probate and ex officio disclosure commissioner for Piscataquis County.

The case is before this court on an agreed statement of facts.

The plaintiff, whose place of business was Bangor in the County of Penobscot, recovered judgment against the defendant, Bartley, who was a resident of Milo in Piscataquis County, at the October Term, 1906, of the Supreme Judicial Court, Penobscot County.   The judgment was dated October 19th, 1906, and upon it execution issued and an alias execution was issued February 2nd, 1907.   B. W. Blanchard of Bangor was attorney of record for the plaintiff and his name was endorsed upon the executions.   The execution of February 2nd, 1907 was forwarded by Blanchard to W. A. Johnson, an attorney at law in Milo, for collection with the instructions to institute disclosure proceedings if necessary, who after demand upon the debtor, made an application to Harvey J. Cross of Sebec in the County of Piscataquis, a disclosure commissioner, for a subpoena to command the debtor to appear before him and disclose.   Cross had an office at Dover, in the County of Piscataquis, where he did business as a disclosure commissioner. There was no disclosure commissioner in the town of Milo, the place of the debtor's residence, and Sebec is nearer to that town than Dover.   Cross issued a subpoena, which was duly served, commanding the debtor to appear before him at his office in Dover, March 22nd, 1907, and at that time and place the debtor appeared.

The disclosure commissioner being unable to be present had requested the Judge of Probate as disclosure commissioner to be

present and take the disclosure, and he appeared at the time and place mentioned in subpoena for that purpose and a hearing was had before him.

The debtor's counsel at the hearing objected that B. W. Blanchard was the attorney of record for the plaintiff, while the petition was signed by W. A. Johnson, as attorney for the plaintiff. The commissioner overruled the objection, and the debtor was then examined by the counsel for the creditor, by the commissioner and by his own counsel. At the close of the hearing the debtor's counsel moved that the oath be administered to the debtor, but the commissioner refused to administer it and issued a capias dated March 22nd, 1907, which was attached to the execution of February 2nd, 1907.

Upon the capias the debtor was arrested and gave the bond upon which this action is brought.

The defense is made upon two grounds; 1. The petition for subpoena to bring the debtor before the disclosure commissioner was void because it was not signed by the creditor or its attorney. 2. The debtor should have been brought before the disclosure commissioner in the town of Sebec where he was a resident and not in a different town where he had his office.

We think the first ground of defense is not tenable. The attorney of record in the original suit prosecuted the claim against the debtor to judgment and placed the execution of February 2nd, 1907, in the hands of a local attorney of the town where the defendant resided, for collection. He demanded payment of the judgment debt and it being refused, he applied as attorney of the plaintiff to the commissioner nearest the town where the defendant resided for a subpoena commanding the debtor to appear at a fixed time and place and to disclose as provided by statute. This commissioner had jurisdiction of the proceeding, and the application being made to him by an attorney at law having in his possession the execution representing the debt of the creditor and assuming to be his attorney, he took action upon it by issuing a subpoena.

The case shows that so far as the attorney of record could appoint the local attorney without express direction of the plaintiff, he had

done so. No protest was made nor any issue as to the fact of the appointment was raised until the time fixed for the disclosure, when the debtor's counsel objected to the validity of the proceedings, because the execution showed that Blanchard was the judgment creditor's attorney of record. This objection the magistrate over-ruled. The statute does not restrict the attorney who may apply for the subpoena to the creditor's attorney of record or an attorney authorized by power of attorney. The magistrate found as fact that Johnson was the attorney of the creditor, and the finding is not reviewable in this action, provided the disclosure commissioner had jurisdiction at the time and place named in the subpoena which will be later considered. *Cannon* v. *Seveno et als.*, 78 Maine, 307: *Shields* v. *Sheffields*, 79 Ala. 91: *Debavin* v. *Funke*, 142 N. Y. 633. The fact that Johnson had the execution legally in his hands for collection is prima facie evidence of his authority to act as attorney for the judgment creditor, and the burden of showing he was not authorized was upon the debtor. *Mutual Life Insurance Company* v. *Pinner*, 43 N. Y. Eq. 52: *Bonnifield* v. *Thorp*, 71 Fed. Rep. 924.

The second ground of defense involves, 1. the construction of R. S., chapter 114, section 23, as amended by chapters 131 and 134 of the Public Laws of 1905 and the Public Laws of 1907, chapter 2. 2. the question of waiver by the debtor.

The amendment by the Public Laws of 1907, in force at the time of the application for subpoena in this case, seems to have intro-duced a material change as to disclosure commissioners to whom applications for subpoenas may be made in disclosure proceedings, and the towns in which the debtors are to appear before such magistrate to make disclosure. The language of the amended statute "Such magistrate shall thereupon issue under his hand and seal a subpoena to the debtor, commanding him to appear before such magistrate within said county, in the town in which the debtor, the petitioner or his attorney, resides, and in case there is no such magistrate in the town where the debtor, the petitioner or his attorney, resides, then in the town where there is such a magistrate

nearest to the place of residence of the debtor, the petitioner or his attorney, at the time and place therein named, to make full and true disclosure, on oath, of all his business and property affairs," fairly indicates that the defendant should have been brought before the magistrate in Sebec; the statute should be construed to mean the town where the magistrate resides rather that where his office is located.

This construction is aided by the associated section 19, providing for the appointment and certain requirements of disclosure commissioners for different localities. "They shall have an official seal which shall have engraved thereon the name of the commissioner, the words 'disclosure commissioner' and the word 'Maine' and the name of the county, and the town or city where the commissioner resides." In this case the commission appointing Cross, named him "Harvey J. Cross of Sebec."

It is contended by the plaintiff's attorney that it is provided by statute that disclosure commissioners have jurisdiction in the county for which they are appointed and that consequently they may summon debtors before them in any town within the county, and that such a construction is not inconsistent with judicial definitions of residence. *Shattuck* v. *Maynard*, 3 N. H. 124: *Tyler* v. *Murray*, 57 Md. 418. But the construction we give to the statute quoted is more consistent with its language and the apparent reason for the amendment. They have jurisdiction of debtors within the county when applications for subpoenas are made to them as required by statute.

We assume then that Mr. Cross, whose residence was in Sebec, the nearest magistrate, had originally jurisdiction of the subject matter of this controversy, and having issued the summons and being unable to attend, there was authority by statute for the Judge of Probate acting ex officio as disclosure commissioner, to attend and take the disclosure of the debtor. R. S., 114, section 35. He had the same jurisdiction as Cross would have had at the time and place named in the subpoena. The subpoena erroneously commanded the debtor to appear before the magistrate in the town of Dover, and it did not by the service upon him give to the magistrate issuing it

or the substituted magistrate jurisdiction over him at that place without his consent. *Stanton* v. *Hatch*, 52 Maine, 244.

There are three essentials to legal jurisdiction. First. The court must have cognizance of the class of cases to which the one to be heard belongs, or in other words jurisdiction of the subject matter. Second. The proper parties must be present or power be had to compel their attendance, or in other words jurisdiction of the parties. Third. There must be authority to decide in substance and effect. 4 Words and Phrases 3883.

Jurisdiction of the subject matter is conferred by the law which organizes the tribunal, and jurisdiction of the person is the power ordinarily obtained by the service of a summons or other proper notice or by an appearance. 17 Am. & Eng. Ency. of Law, 2d Ed. 1060.

The universal rule is that unless the tribunal has jurisdiction of the subject matter, the proceedings are void and the objection that such jurisdiction is not given by law cannot be waived by the parties. *Chase* v. *Palmer*, 25 Maine, 341 : *Call* v. *Mitchell*, 39 Maine, 465. But where the court has such jurisdiction and from any irregularity of summons or notice, it has not obtained jurisdiction over a party to the controversy, he may waive the objection by appearing and taking any other part in the proceedings than making objection thereto. *Thornton* v. *Leavitt*, 63 Maine, 384. That was an action commenced in the Municipal Court of Saco which had jurisdiction to hear and decide civil causes where the defendant lived, in York County. The defendant lived in Cumberland County but appeared in answer to the suit and filed an account in set-off at the return term. Later he moved for a dismissal of the action on the ground that the court had no jurisdiction. It was held "The court had jurisdiction over the subject matter of the suit. The general appearance of the defendant and filing an account in set-off gave that court jurisdiction of the person."

In *Fuller* v. *Davis et al.*, 73 Maine, 556, which was an action on a poor debtor's bond, objection was made that the application and citation were insufficient to give the magistrates jurisdiction, but the creditor appeared by his attorney before the justices and

fully examined the debtor; by so doing he was held to have waived all objections on account of defects in the proceedings.

In *Carlisle* v. *Weston*, 21 Pick. 535, the court by Morton, J. say "The general rule upon this subject is, that irregularities and defects may be waived, but mere nulities cannot be cured, or restored to life, inasmuch as they never possessed any legal vitality."

In *Mahon* v. *Harkreader*, 18 Kan. 383, it was held that "Attending and taking part in a trial is a waiver of any objection to the adjournment of a court from a court room to another building."

In *Merchants Heat and Light Company* v. *Clow and Sons*, 204 U. S. 286, the court say "There is some difference in the decisions as to when a defendant becomes so far an actor as to submit to the jurisdiction, but we are aware of none as to the proposition that when he does become an actor in the proper sense he submits."

The rule as to jurisdiction by consent is summarized in 12 Ency. of Pleading and Practice, 126, 127, "In other words consent cannot confer jurisdiction of the subject matter but it may confer jurisdiction of the person."

The statement of facts shows that the debtor appeared before a commissioner at the time and place mentioned in the subpoena issued by Cross, submitted to an examination, and at the close of the hearing sought to protect his rights in the disclosure proceedings by a motion for the administration of the oath provided by the statute.

Accordingly it must be held that the defendant, Bartley, waived all objections to the irregularity of the summons in commanding him to appear before the disclosure commissioner in a town other than that in which the commissioner resided.

> *Judgment for plaintiff against all the defendants for $44.43 with interest from the date of the writ; and special judgment against the principal for a sum equal to interest on said amount at twenty per cent a year, after breach of the bond Sept. 23, 1907, as provided in Sec. 65, Ch. 114, R. S.*