GERRY BROOKS

*vs.*

EARLE R. CLIFFORD

FRED L. CHAPMAN

Oxford.   Opinion, December 5, 1949.

Exceptions sustained.

*Gerry Brooks, pro se,*
*Robert T. Smith,*
*Albert J. Stearns,* for defendant.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, JJ. MURRAY, active retired justice.

MURRAY, J. This case is a petition for a writ of *certiorari.* It is here on exceptions to the refusal of the court below to order the writ to issue. The history of the case is that the petitioner was the owner of a judgment against one Fred L. Chapman, and cited him to disclose before Earle R. Clifford, Register of Probate, acting as a disclosure commissioner.

At the time and place of hearing of the disclosure, Chapman did not appear. The commissioner issued a *capias* and Chapman was brought before the commissioner, where he refused to answer questions, would not pay costs, and would not turn over certain property. As a result, the commissioner adjudged him in contempt and committed him to jail.

After a time, without notice to the judgment creditor, the commissioner brought Chapman before him and adjudged that he had purged himself of contempt and ordered his release.

The petition asks that the writ issue to quash all the proceedings of the commissioner subsequent to the commit-

ment for contempt, and that Chapman be ordered recommitted until he purge himself of contempt, or be otherwise discharged by law.

On a hearing of the petition for a writ of *certiorari,* the only question for the court to determine is whether it' will issue the writ. The granting of leave for the writ to issue is not a judgment that the record below be quashed. *Rogers v. Brown,* 134 Me. 88; 181 Atl. 667. If the writ issues, the court at *nisi prius* has the jurisdiction to decide what should be done. R. S. (1944), Chap. 116, Sec. 14.

In this case, to the petition, as there should be, is annexed a copy of the disclosure commissioner's record. On inspection, this record fails to show service upon Chapman. "The subpoena may be served by any officer qualified to serve civil process in the county by giving to the debtor * * * * * in hand an attested copy of the petition and subpoena, which said service shall be at least twenty-four hours before the time of said disclosure for every twenty miles travel to the place of disclosure." R. S. (1944), Chap. 107, Sec. 25. Nor does the record show that there was an appearance at return time.

Officer's return is a matter of record. *Clark* v. *Foxcroft,* 6 Me. 296-302; 20 Am. Dec. 309. So, of course, is appearance.

Jurisdiction of inferior courts cannot be presumed, but must appear affirmatively of record. *Inhabitants of South Berwick* v. *County Commissioners,* 98 Me. 108; 56 Atl. 263; *Faloon* v. *O'Connell,* 113 Me. 30; 92 Atl. 932.

It appearing that there was neither service nor an appearance, the commissioner had no jurisdiction to proceed further. *Dow* v. *Marsh,* 80 Me. 408; 15 Atl. 26.

It might be well at this time, to point out that the only error complained of in the petition is that the commissioner had no jurisdiction to adjudge the debtor purged of con-

tempt and to order him released. However, because it applies to the case at bar, we quote from *Inhabitants of South Berwick* v. *County Commissioners, supra.* "It may be here observed that the petitioners do not specifically allege the errors upon which the decision in this opinion is based, but the respondents appeared and answered and presented a copy of the record of the proceedings duly certified which is made a part of this case. We shall therefore consider the case as if the petition contained the proper allegations."

We assume, without deciding, because it is unnecessary to do so, that the commissioner had jurisdiction from the time that he signed the subpoena up to the time of the return. We do decide, from the record, showing no service and no appearance at time of return, that the commissioner lost jurisdiction. His judicial duty was at an end, and he had no jurisdiction to revive the case before him. *Tuttle* v. *Lang,* 100 Me. 123; 60 Atl. 892; *Comm.* v. *Maloney,* 145 Mass. 211; 13 N. E. 482. The commissioner was then in the same position in which a court of general jurisdiction with terms would be, if a writ upon which there was no service, had been entered at a term, and the term adjourned without day.

The commissioner then issued a *capias* at the request of the petitioner and Chapman was brought before him. Chapman did not object, at that time, to the jurisdiction and on his refusal to comply with certain orders was adjudged in contempt and was committed to jail. After being in jail a short time, he invoked the power of the commissioner to release him, which the commissioner did.

It is argued that in this way Chapman cured want of service and therefore, the commissioner had jurisdiction. In support of this argument is cited the case of *West Cove Grain Co.* v. *Bartley,* 105 Me. 293; 74 Atl. 730.

In that case, the commissioner, by statute had county wide jurisdiction of the subject matter. He issued a sub-

poena commanding the debtor to appear at Dover. The debtor could not be compelled to appear at any place except Sebec. The debtor appeared at Dover and without objection, participated in the disclosure. The court held that the debtor waived his right to appear only at Sebec; that the commissioner had jurisdiction of the subject matter; and debtor, by appearing at Dover, gave commissioner jurisdiction of the person also. In the case at bar, when the commissioner issued the *capias,* he had jurisdiction neither of the subject matter, nor of the person. The commissioner could not revive his jurisdiction, nor could the debtor give him jurisdiction.

The commissioner's court is a temporary one for each case, at the end of the session all jurisdiction of the cause and the person has ceased. *Tuttle* v. *Lang, supra; Comm.* v. *Dowdican's Bail,* 115 Mass. 133, 136; *People* v. *Court of Sessions,* 141 N. Y., 288; 36 N. E. 386; 23 L. R. A. 856.

He could not insert in the record anything after return time, because he had no official connection with it. All the entries in the record, after return time, issuing the *capias,* hearing, adjudging contempt, committing, purging and releasing, are mere personal memoranda—have no judicial effect—and if given effect would result in changing, or enlarging the record by parol. *State* v. *Houlehan,* 109 Me. 281; 83 Atl. 1106.

He could not acquire jurisdiction by process, and because he could not acquire by process, he could not by consent of the debtor. *Cote* v. *Cummings,* 126 Me. 330; 138 Atl. 547; *Comm.* v. *Maloney, supra.* Writ should issue, as a matter of right, for want of jurisdiction apparent in the record.

*Exceptions sustained.*

TOMPKINS, J., sat at argument and participated in consultation but died prior to the preparation of the opinion.