STATE OF MAINE *vs.* PETER A. HOULEHAN.   No. 33.

Kennebec.   Opinion July 26, 1912.

STATE OF MAINE *vs.* PETER A. HOULEHAN.   No. 32.

Kennebec.   Opinion July 26, 1912.

*Appeal.   Autrefois Convict.   Complaint and Warrant.   Exceptions.
Motion in Arrest of Judgment.   Instructions.   Pleading.
Intoxicating Liquors.*

1. Upon the imposition of sentence, the taking of an appeal and filing an appeal bond, the jurisdiction of a magistrate or judge of a municipal court is at an end and he has no further jurisdiction of the case unless the appellant withdraws his appeal as, and in the manner, authorized by R. S., c. 133, S. 19.

2. When a motion is made by an appellant, under R. S., c. 133, S. 19, to withdraw his appeal, the powers of the magistrate are those only which are conferred by that section of the statute.

3. A record is a memorial or history of judicial proceedings in a case, commencing with the writ or complaint and terminating with the judgment and only the records of magistrates which are made in the course of judicial duty are of force.

4. Even when the record of prior conviction is in the same court, an attempt to set up a prior conviction by way of motion instead of by plea is not to be encouraged nor departures from the requirements of such a plea favored.

5. Exceptions will be sustained only when it appears from the exceptions themselves that the court mistook the law.

6. Like a demurrer, a motion in arrest of judgment is addressed only to the record and can introduce no facts not appearing therein.

On exceptions by the defendant.   Exceptions sustained and new trial ordered in both cases.

In these cases the respondent was indicted at the September term, 1909, of the Superior Court for Kennebec County for keeping and maintaining a common nuisance. The material parts of the indictments are as follows:—That Peter A. Houlehan, of Farmingdale, in the County of Kennebec, at Gardiner, in said County of Kennebec, on the first day of January, A. D. 1907, and on diverse other days between said day and the day of finding this indictment, a certain tenement occupied by the said Peter A. Houlehan as a storehouse, situated in said Gardiner, unlawfully did use for the illegal keeping and illegal sale of intoxicating liquors. A trial was had before the jury; a verdict of guilty was rendered in both cases. To the admission and exclusion of certain testimony, the respondent excepted.

The case is stated in the opinion.

*Joseph Williamson,* County Attorney, for the State.

*George W. Heselton,* attorney for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, KING, BIRD, HALEY, HANSON, JJ. SPEAR AND CORNISH, JJ., dissenting.

BIRD, J. These two cases, against the same defendant, upon identical indictments for nuisance between the first day of January 1907 and the day of the finding of the indictment, are before us upon exceptions. The defendant was tried upon one of the indictments (No. 33) and found guilty and was immediately tried upon the other indictment (No. 32) with like result.

In the case first tried it is necessary to consider but one of the exceptions. The State offered as tending to prove the crime set forth in the indictment the docket entries of the Gardiner Municipal Court as follows:—"State v. Peter Houlehan. Charge, search and seizure. Complainant Frank E. Andrews. Plea, not guilty. August 26 continued to August 27 at 10 A. M. Found guilty August 27, 1909. Sentence, $100 and costs, $15.82, and 60 days in jail. Appealed, and furnished sureties in the sum of $200 for appearance at the Superior Court. September 6, jail sentence nol prossed, paid fine and costs. Paid $117.32 September 6, 1909."

Upon the imposition of sentence, the taking of the appeal and filing of the appeal bond, the jurisdiction of the magistrate was at

an end and he had no further jurisdiction of the case, (*Tuttle* v. *Lang,* 109 Me., 123, 127) unless appellant withdrew his appeal as, and in the manner, authorized in R. S., c. 133, § 19, which, so far as pertinent, is as follows:—"The appellant may, at any time before such copy has been sent to the appellate court, come personally before such magistrate, who may permit him, on motion to withdraw his appeal and abide by the sentence appealed from; whereupon, he shall be ordered to comply with said sentence and the sureties taken upon the recognizance upon such appeal shall be discharged."

Whether or not on September 6, 1909, the copy, "of the whole process, and of all writings before the magistrate" (R. S., c. 133, § 18) had then been sent to the appellate court does not appear but assuming that it had not and that the appellant personally came before the magistrate, there is no entry showing that he moved, either in writing or otherwise, to withdraw his appeal and abide by the sentence appealed from.  Assuming, also, that this was done, the action of the magistrate was wholly unauthorized.  The record shows neither withdrawal of the appeal nor an order to abide by the sentence.  On the contrary instead of making an entry of "appeal withdrawn" without which he could make no further entry, he proceeds to modify the sentence, although his only authority in the premises was to order compliance with the sentence already imposed.  If then, the Judge of the Municipal Court has no power after imposition of sentence, save in strict accordance with statute in matters of appeal, any entry he may make upon his docket or cause to appear, as of record, of an act respecting the person and case, not within his statutory powers regarding appeal, is as much beyond his power as the act itself.  A record is a memorial or history of judicial proceedings in a case, commencing with the writ or complaint, and terminating with the judgment. *Sayles* v. *Briggs,* 4 Met., 421.  It is only records of magistrates which are made in the course of judicial duty which are of force. *Wells* v. *Stevens,* 2 Gray, 115, 118.  It is the duty of every Justice to insert in the record of each cause before him a full narrative of everything which is necessary to exhibit its progress, and the final determination of it *so far as he has any official connection with it: Wells* v. *Stevens,* Id., p. 17.  The entry of September 6, 1909, is a mere personal

memorandum—has no judicial effect—and, if given effect would result in modifying a record by parol: *Kendall* v. *Powers,* 4 Met., 533. The entry in the present case was beyond the power of the Judge to make and is not admissible as evidence to contradict the record. It was a nullity as was the similar entry in *Houlehan* v. *County,* 108 Me., 497.

The appeal was not withdrawn and the judgment of conviction, at the time of the docket entries were offered, was vacated by appeal: *Campbell* v. *Howard,* 5 Mass., 376, 378; *State* v. *Quinn,* 96 Maine, 496, 498; *Willet* v. *Clark,* 103 Me., 22, 23; *Com.* v. *Richards,* 17 Pick., 295, 298.

The exceptions must be sustained.

In the second case, it appears that before the opening argument, defendant "filed a motion, in substance, that this case had been covered by the case just tried, No. 33." The overruling of this motion constitutes the ground of the first exception. An examination of the motion reveals an attempt to plead a prior conviction by way of motion. The practice is not to be encouraged and, while strictness of pleading may be somewhat relaxed when the record of the prior conviction is in the same court in which the plea is filed, we may doubt if the motion complies with all the requirements of a plea of *autrefois convict.* This, however, it is unnecessary to determine. The bill of exceptions does not show the character of the reply of the State to the plea—whether an issue of law or an issue of fact was presented, nor whether upon the overruling of the motion any, or what judgment, was entered. Exceptions will be sustained only when it appears from the exceptions themselves that the court mistook the law: *Fletcher* v. *Clarke,* 29 Maine, 485; *Vernon* v. *Bridges,* 98 Maine, 491; *Soufest* v. *Robbins,* 101 Maine, 176; *Hix* v. *Giles,* 103 Maine, 439. The exception is overruled.

After verdict defendant filed a motion in arrest of judgment which is in substantially the usual form with the additional matter "And the said indictment is bad because it alleges an offence covering the same period of time and the same alleged offence upon which respondent has heretofore been found guilty by a verdict of the jury, and said verdict is still in force and has never been reversed." The denial of the motion is the ground of the second exception. As a demurrer in a criminal case, reaches the indictment

as the same may be recorded, so a motion in arrest of judgment reaches the whole record of the cause as made up to the time of filing the motion. Each can reach only errors of record, neither can plead facts not of record. Another difficulty is that the record is not before us. The indictment is set out in full, but neither the plea of the defendant nor the motion above referred to nor the pleadings subsequent thereto appear of record and, while the nature of the motion is apparent from the bill of exceptions, this, however, is not part of the record, nor could have been of record before the overruling of the motion in arrest. This exception, also, is overruled.

In the charge of the presiding Justice, he said among other things, "In my judgment,—and this is matter for me to give you instructions upon,—in my judgment this action may be maintained against this respondent for maintaining a common nuisance in his saloon, provided, you find by the evidence presented in this case that during the period covered by this indictment he has kept intoxicating liquors in his saloon for sale, or has sold intoxicating liquors illegally, and if he has sold at all it is illegally, because there is no contention that he was licensed to sell."

To this portion of the charge defendant seasonably objected and had exceptions. We think the exceptions must be sustained. The evidence of the government was directed to proof of the maintenance of a nuisance in the defendant's saloon. The charge required evidence of keeping intoxicating liquors in the saloon, but the evidence of sales required is not so limited or restricted and might be understood to refer to sales anywhere while he occupied the saloon and especially in view of the words immediately following;— "and if he has sold at all it is illegally." The jury may have misunderstood. *King* v. *Ward,* 74 Maine, 349, 351; *Gilman* v. *McNeil,* 45 Maine, 599, 601; *Hopkins* v. *Fowler,* 39 Maine, 568, 570.

This exception is therefore sustained.

The entry will be, in each case,

*Exceptions sustained and new trial ordered.*