JAMES COTE, Petitioner for Habeas Corpus

*vs.*

HENRY F. CUMMINGS, Sheriff

Kennebec.    Opinion August 23, 1927.

*In the case of a commitment it is the judgment of the court which authorizes deten-*
*tion.    The mittimus is the evidence of the officer's authority.    The important ques-*
*tion on habeas corpus is, is the prisoner in the custody where the judgment commanded*
*him to be put and not how he was taken into custody.    The writ will not be granted*
*unless the real and substantial merits of the case demand it.    It will not be granted*
*for defects in form nor can it be used as a substitute for a writ of error.*

*A so-called "split sentence" viz: where the penalty of fine and imprisonment as*
*provided by statute is imposed and the imprisonment part is suspended and the fine*
*part enforced, is illegal.*

*The statutory authority for the suspension of the imposition or of the execution of*
*a sentence or for a stay of execution is the Probation Act and R. S. Chap. 136, Sec*
*27 as amended by P. L. 1917, chap. 156, sec. 3, which give no express or implied*
*authority to divide an imposed sentence.*

*There is no discretionary power, aside from those statutes, inherent in our courts*
*which have jurisdiction of a crime to divide the plain mandate of a statutory sentence.*

In the instant case the petitioner's imprisonment was lawful if the judgment on
October 20 was lawful, otherwise not; the defects or omissions in the mittimus
not being material.

The judgment of August 31 was unlawful, first, because the powers as to sent-
ences, conferred by the Probation Act, R. S. chap..137, secs. 12, 13 and 14,
were for judicial consideration at the time the sentence was imposed on July 1.
When sentence had been imposed and the session ended, as it was, the only
power left for the judge on August 31, when the appeal was withdrawn, was
the statutory power to order compliance with the sentence which had been
imposed; second, because the court had no power to impose sentence and
suspend the execution of part of it.

The court was without jurisdiction on October 20 to order the petitioner to ap-
pear before it and to serve the two months and to issue mittimus therefor,
hence the commitment of the petitioner was unlawful.

On exceptions by petitioner. On July 1, 1925, the petitioner was found guilty in the Municipal Court of Waterville of illegal possession of intoxicating liquor with intent to sell and sentenced to pay a fine of $500 and to two months imprisonment, and an appeal was taken to the Superior Court. On August 31 the petitioner withdrew his appeal, paid the fine and, the jail sentence being suspended, was placed on probation for one year. On October 20 he was ordered to appear before the court and found guilty of having violated the probation regulations and was ordered to serve the two months. Mittimus was issued, and he was committed. He applied for writ of habeas corpus which was issued. At the hearing upon the writ the sitting justice ruled that the imprisonment was lawful and petitioner excepted. Counsel for defendant admitted and urged upon the court that a split sentence, so-called, is unauthorized and illegal. Exceptions sustained. Petitioner discharged.

The case very fully appears in the opinion.

*F. Harold Dubord,* for petitioner.

*Frank E. Southard, County Attorney,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, STURGIS, BASSETT, JJ., MORRILL, A..R.J.

BASSETT, J. A writ of habeas corpus was issued upon the petition of James Cote. At the hearing upon the writ the sitting justice for the purpose of bringing the case before the Law Court ruled that the petitioner was legally imprisoned. The case is here upon exceptions to that ruling.

The petitioner was imprisoned in the Kennebec County Jail on a mittimus issued by the judge of the Waterville Municipal Court. The mittimus, petition for the writ, writ, return and docket entries of the court below constitute the record before us.

The mittimus sets forth that the petitioner was arrested and brought before the Waterville Municipal Court July 1, 1925 on a warrant issued by that court on the charge of illegal possession of intoxicating liquor with intent to sell, was found guilty and sentenced to pay a fine of $500 and costs and be imprisoned two months in jail and in default of payment of fine and costs to six months ad-

ditional imprisonment; the petitioner appealed to the September term of the Superior Court of Kennebec County and recognized with sureties; on August 31 the petitioner appeared before the Municipal Court, withdrew his appeal, paid the fine and costs and, the jail sentence being suspended, was placed on probation for one year upon his agreement to keep his premises free from all suspicion of liquor traffic; on October 18 he violated his probation regulations; on October 20 was ordered to appear before the court, appeared on the same day, was found to have violated the probation regulations, was ordered to serve the two months in jail and the mittimus was · issued, dated October 19, and the petitioner was committed on the same day as the hearing.

On that same day he applied for the writ; on the following day hearing was had upon the petition, the writ was issued and hearing had thereon.

The petitioner advances nine reasons why his imprisonment is unlawful, the first three because of defects in the mittimus—first, that the mittimus contains no order to arrest the petitioner, second, that it does not command the jailer to receive the petitioner, the blank at that point for the name of the person not having been filled out; third, the mittimus alleges a breach of the probation regulations on October 20 but the mittimus is dated October 19.

These reasons do not avail the petitioner. "It is the judgment of the court which authorizes detention. The mittimus is the evidence of the officer's authority. The judgment is the real thing. The precept is not. The important question on habeas corpus is, is the prisoner in the custody where the judgment commanded him to be put and not how he was taken into custody. The writ of habeas corpus will not be granted unless the real and substantial merits of the case demand it. The writ will not be granted for defects in matters of form only; nor can it be used as a substitute for a writ of error." *Wallace* v. *White*, 115 Me. 513, 521.

As to the first reason, the petitioner appeared in court October 20 in response to the order of the court. Could the judge legally have ordered that the petitioner be arrested and brought before him for judgment? If he could not acquire jurisdiction by process, he could not by consent of the petitioner. *Commonwealth* v. *Mahoney*, 145 Mass. 205. If he did not have jurisdiction, the judgment

was invalid.  We therefore come back to "the real thing," the judgment.  But the petitioner was in court and the court proceeded to commit.  The mittimus follows the record of the court.  It need not contain an order for arrest so far as these proceedings are concerned.

As to the second reason—the defect is of form only.  A mittimus in perfect form would order both the officer to convey and deliver the person into the custody of the keeper of the jail and the keeper of the jail to receive and keep custody of the person.  The mittimus contained the first order and the second order except that the name was left blank.  That is sufficient so far as these proceedings are concerned.

As to the third reason—this is a defect in form only.  But the mittimus states that the violation of probation regulations was on October 18 not on October 20 as stated in the reasons.  The finding of guilt was on October 20.  Consequently the violation was stated in the mittimus to be on the day before, not on the day after its date.

We therefore go straight to the judgment of the court on October 20, that the petitioner serve the two months of the sentence in jail, to determine whether it was a legal judgment.  If it was, the petitioner should not be discharged.  If it was not, he should be.  We think it was not.

The Waterville Municipal Court like the Skowhegan Municipal Court in *Tuttle* v. *Lang*, 100 Me. 123, and the Bangor Municipal Court in *Perro* v. *State*, 113 Me. 493 has regular terms for civil business but not for criminal.  "Said Court may be adjourned from time to time but shall be considered in constant session for the cognizance of criminal actions."  Private and Special Laws 1897, Chap. 225 as amended by Private and Special Laws 1909, Chap. 17.

It was held in *Tuttle* v. *Lang*, supra, that, if upon trial of a criminal charge within the jurisdiction of such courts the respondent is found or plead guilty, it becomes the duty of the judge to impose sentence at that session and, when that is done, the cause is determined, the judge's judicial duty is at an end and nothing remains but to carry the judgment into effect.  If to do this a commitment is necessary, he should issue a mittimus at or before the end of the session at which the conviction was had.  A period of twenty-four hours is given by statute in which to take an appeal.  If it is not taken before

the close of the session, the mittimus should issue.  If, after the issue and within the twenty-four hours, an appeal be taken, the mittimus should be recalled by the judge that the appeal may be perfected. But if no appeal is taken, then after sentence and the end of the session all jurisdiction of the cause and person ceases.

If an appeal is taken, then upon such taking and filing the appeal bond the jurisdiction of the judge is at an end and he has no further jurisdiction of the cause, unless the appeal be withdrawn as and in the manner authorized by statute; *State* v. *Houlehan,* 109 Me. 281.

In the instant case sentence was imposed and appeal taken at the session on July 1.

Although it does not appear whether or not on August 31 all the requirements of the Statute for the withdrawal of an appeal (Rev. Stats. 1916, Chap. 134, Sec. 19) were strictly complied with, as *State* v. *Houlehan* held they should be, we assume, that in this case, as the court assumed in that case, there was such compliance and that the appeal was properly withdrawn.

If the appellant withdraws his appeal the statute (Section 19) provides as follows:  "Whereupon he shall be ordered to comply with said sentence."  In *State* v. *Houlehan* (supra) it was held "his (magistrate's) only authority was to order compliance with the sentence already imposed.—The judge of the municipal court has no power after the imposition of the sentence save in strict accordance with statute in matters of appeal."

The judge did not order such compliance but, upon payment by the petitioner of the fine and costs, suspended the imprisonment and placed him on probation for a year.

The judge had no power to do this.  First, because the powers as to sentences conferred by the Probation Act, Rev. Stats. 1916, Chap. 137, Sec. 12, 13, 14, were for judicial consideration at the time the sentence was imposed on July 1.  When the sentence had been imposed and the session ended, as it was ended in this case, the time for such consideration had passed and the only power left for the judge on August 31, when the appeal was withdrawn, was the statutory power to order compliance with the sentence which had been imposed.

That such was the only power of the court was one of the further reasons advanced by the petitioner why his imprisonment was unlawful.

The court could not order the petitioner to be placed on probation and when it permitted him to go on such probation, he was in legal effect permitted to go at large and the court surrendered all further control over the cause and person.  *Tuttle* v. *Lang* supra.

Second, because the court had no power to impose sentence and suspend the execution of part of it.  This was another of the petitioner's reasons.

While the decision in this case might be rested on the first reason alone, it can be on the second also.  It should be, because this case presents the important question of what has come to be called "split" sentence in such manner that its legality can be determined. A "split" sentence is one, where the penalty of fine and imprisonment, as provided by statute, is imposed and the imprisonment part is suspended and the fine part enforced.  This is commonly approved by the respondent and is often suggested by counsel.  The practice has shown a tendency to increase in cases of violation of the Prohibitory Law.  It has been done by municipal courts and courts of general jurisdiction.  The question should be settled.

In *State* vs. *Sturgis* 110 Me. 96 (1912) the defendant was on conviction for liquor nuisance sentenced to pay a fine and to imprisonment "the imprisonment part of the penalty to be cancelled on payment of the fine" and defendant's giving a recognizance to keep the peace and not to violate the liquor laws.  The statutory penalty for maintaining a nuisance was fine and imprisonment and in default of payment additional imprisonment.  The Revised Statutes provided (Chap. 136, Sec. 1) that where the statute provides for punishment "by imprisonment and fine or by imprisonment or fine or by fine and in addition thereto imprisonment" the sentence may be "to either or both."  The decision held that, while the court could have sentenced to either fine or imprisonment, the sentence in its first part must be construed as an actual imposition of the sentence, authorized by statute, and if the additional words were to be construed, and that seemed to be the meaning intended, as a condition stipulated by the court, which the defendant could at his option perform and relieve himself from the imprisonment part the court had no power so to stipulate.  The opinion laid down "some principles applicable to judgments and sentences in criminal cases," and said, "The authorities draw a clear distinction between the suspen-

sion of the imposition of a sentence and the indefinite suspension or remission of its enforcement. There is a conflict of authority as to the power of the court after a conviction to indefinitely postpone the imposition of the punishment therefor prescribed by law, but however the courts may differ as to such power, it is well established that the court cannot, after judgment in a criminal case is rendered and the sentence pronounced, indefinitely postpone the execution of that sentence, or commute the punishment and release the prisoner therefrom in whole or in part." These last words "in part" are to be noted.

That the court meant this could not be done without statutory authority appears from its final summary, (p. 104) "The citation of authorities need not be multiplied for they are in substantial harmony in holding that where the court has pronounced the sentence of the law against one convicted of a criminal offence, it then has no power (unless so authorized by statute) to make any order, the effect of which would be to indefinitely suspend the execution of that sentence."

In examining other authorities where suspension of part and not the whole of a statutory sentence is in question, the distinction, noted in the preceding decision, between imposing sentence and enforcing it when imposed, should be borne in mind.

In 8 R. C. L. Sec. 255, P. 251, it is stated "For the same reason that one cannot be twice punished, it has been held, that it is not within the power of the court to suspend a sentence in part and to impose it in part; that is the sentence must be imposed in full or suspended in full." Reference is made to 8 Ann Cas. p. 388 where the same principle is laid down and reference made to two cases. *Com.* v. *Keeper of Workhouse* 6 Pa. Super, Ct. 420 and *People* v. *Felker* 61 Mich 110, 27 N. W. 869.

In the former, a habeas corpus case in which the writ had been issued, where the penalty for the crime was fine and imprisonment the court ordered that imprisonment be "suspended for the present during good behavior" and, the fine having been paid, imposed two terms later imprisonment. The court said "It is to be presumed that the court in making said order acted within the limits of lawful authority. If it did the order was to, all intents and purposes a sentence of the defendant—What we do now decide specifically

is that an order—which suspends sentence as to a part of the penalty prescribed by law for an offense and imposes a pecuniary penalty upon the defendant, where fine and imprisonment constitutes the penalty affixed to the crime, is to all intents and purposes a legal sentence compliance with the terms of which renders it illegal for the court to alter or reform the sentence after the time at which trial, conviction and the said partial sentence occurred and that any sentence subsequent thereto is illegal and void."

In the latter case where the penalty was fine and imprisonment and the respondent was sentenced to pay a fine but the imprisonment part was "deferred until the opening of the next succeeding term," the respondent paid the fine and appeared at the next term of court when he was ordered to be imprisoned. On writ of error the judgment was reversed. The court said "The court may in the exercise of a reasonable discretion suspend sentence for a reasonable time to enable the court to inform itself of such matters as will enable it to impose a just and proper sentence—but the sentence of judgment when pronounced must embrace the whole measure of the punishment imposed. The judgment last pronounced is not a correction or alteration of the determination of the court when it pronounced the last judgment. It is a further judgment which the court then announced its intention of pronouncing."

These two cases actually decide that a sentence cannot by suspension of part of it or by deferring imposition of part of it be imposed in full at different times. The former case held that the dividing did not make the part imposed invalid; the latter case says nothing on this point. On the authority of these cases the judgment of October 20 in the instant case would be invalid.

There are cases not of suspension of the execution of an imposed sentence but of imposition of less than the full statutory penalty. Such sentences are, as stated in the note 55 A. S. R. 264, held clearly not warranted but whether the action of the court is a mere erroneous exercise of jurisdiction and therefore voidable or is beyond and without its jurisdiction and therefore void is a question upon which the authorities are divided.

In some cases it has been held that where the punishment is not of a different kind from the statute and it is a question of sufficiency in the kind prescribed by the statute, the accused cannot claim to be

Vol. 126—23

prejudiced and so is not entitled to an appeal nor is such sentence ground for discharge on habeas corpus, 16 C. J. p. 1311.

Under the rule in the courts of the United States that a judgment in a criminal case must conform strictly to the statute and any variance from its provisions, either in the character or extent of the punishment, renders the judgment absolutely void as to the unauthorized portion, when such excess is separable and may be dealt with without disturbing the valid portion of the sentence, the person serving the valid part has been refused a discharge on habeas corpus.   *U. S.* vs. *Pridgeon* 153 U. S. 48;  55 A. R. 266.

We do not find any case which holds or suggests any discretionary power in the court to divide the plain mandate of a statutory sentence and such division we find declared to be unwarranted.   But we do find cases where, if the court has used such power, the respondent, either because of a doctrine that he cannot complain if he has not been prejudiced or because of principles applicable in habeas corpus, does not obtain relief from what would otherwise be a valid part of the sentence.

The statutory authority in this state for the suspension of the imposition or execution of a sentence or for a stay of execution is the Probation Act of 1909 (Rev. Stats. 1916, Chap. 137, Secs. 12, 13 14) and Rev. Stats. 1916, Chap. 136, Sec. 27 as amended by the Public Laws of 1917, Chap. 156, Sec. 3.   Of the Probation Act the Court said in *Welch* v. *State,* 120 Me. 294, 298, "The broad powers as to sentence inhering in a court of general jurisdiction were not diminished or curtailed by the passing of the Probation Act of 1909. That act did not take from but added to the authority of the court.  * * * Its employment was not rendered compulsory but discretionary." What limitations upon the authority of a court of general jurisdiction to postpone the imposition of a sentence, or to suspend sentence, or to stay execution of sentence, now exist, if any, we find it unnecessary to decide and express no opinion thereon.

The word used throughout the sections above noted is "sentence." There is no language which expressly or impliedly would authorize any other meaning to "sentence" than the entire sentence or, in the words of the court in *State* v. *Sturgis,* supra "the sentence of the law." There was therefore no express or implied authority under those statutes to split the sentence.

Is there any discretionary power aside from those statutes inherent in our courts which have jurisdiction of a crime? That question is to be answered in the light of legislative action concerning it.

The Revised Statutes of 1840, Chap. 168, Sec. 4, provided "whenever it is provided that an offense shall be punished by imprisonment and a fine, the court may sentence to either of these punishments without the other or both."

This became in the revision of 1857, Chap. 135, Sec. 1 "When it is provided that he shall be punished by imprisonment and fine or by imprisonment or fine, he may be sentenced to either or both."

This provision remained unchanged until 1893.

Meanwhile during the preceding decade penalties for various violations of the Prohibitory Law had been changed from fine "or" imprisonment to fine "and" imprisonment and in three instances, single sale, Public Laws 1887 Chap. 140, Sec. 5, drinking house and tippling shop, Public Laws of 1891, Chap. 132, Sec. 3 and search and seizure Idem Sec. 4, the penalties were amended to read fine "and in addition thereto" imprisonment.

In 1893 Public Laws Chap. 248, the discretionary provision of Sec. 1 of Chap. 135 of the Revised Statutes of 1883 was amended by inserting the words "fine and in addition thereto imprisonment," so that the provision then read "When it is provided that he shall be punished by imprisonment and fine or imprisonment or fine or by fine and in addition thereto imprisonment he may be sentenced to either or both." This provision remained unchanged until 1917.

Meanwhile after 1893 certain of the penalties were changed to make by their terms imprisonment mandatory.

On the one hand, therefore, the Legislature by amending and increasing specific penalties seemed to intend to make the penalties for violation of the liquor law uniformally fine and imprisonment and imprisonment mandatory, yet on the other hand it continued to leave to the discretion of the court whether it should be fine or imprisonment. The legislature not only did not restrict such discretion but in 1893 as above noted, enlarged it to cover penalties where words of distinctly mandatory meaning had been provided.

But the Legislature of 1917 made its intention indisputably clear for, by Chapter 291 of the Public Laws of that year entitled "An act to amend Chapter 127 of the Revised Statutes to make plain the

penalties imposed under certain sections thereof," by Section 6 it made the penalty for violation of Section 27 of Chapter 127 relating to illegal possession with intent to sell, which was the case before the Waterville Municipal Court, "Whoever violates this section shall be fined not less than one hundred dollars nor more than five hundred dollars, and in addition thereto be imprisoned for not less than two months nor more than six months and in default of payment of said fine and costs, he shall be imprisoned six months additional."

And it made the penalty the same by Section 1 for traveling liquor peddlers and solicitors, by Section 3 for single sales, by section 4 for common sellers and by section 7 for search and seizure. By section 2 for illegal transportation it made the penalty fine and imprisonment for all persons, removing the prior exception of employees and agents of transportation and express companies. And in the case of common nuisances, the penalty which until Chapter 231 of the Public Laws of 1909 had been fine "or" imprisonment and by that act was made fine "and" imprisonment, was by Chapter 155 of the Public Laws of 1917 made a fine of not less than two hundred dollars nor more than one thousand dollars "and in addition thereto" imprisonment of not less than two months nor more than one year and in default of payment of fine not less than sixty days nor more than one year additional.

And further by Chapter 156 of the Public Laws of 1917 the provision in Section 1 of Chapter 135 (supra), Chapter 137 of the Revision of 1916, which gave discretion to the court was repealed.

The power to suspend sentence under the provisions of the Probation Act is for probation purposes under that act. But there have been cases within the knowledge of the court where sentences have been "split" and the imprisonment part suspended without reference to or considering the Probation Act.

To decide that our courts have discretionary power to suspend the enforcement of part of the clear and explicit terms of the penalties above noted would, in the light of the legislation which has been examined, be judicial legislation in effect repealing Chapter 156 of the Laws of 1917, the act which repealed discretion, and amending the various penalties to read "or" instead of "and" and "in addition thereto."

That the use of such discretionary power is not likely to be questioned or may often with difficulty be questioned, as is sometimes suggested, has no appeal to the judicial mind and conscience, which consider only whether the power lawfully exists.

Whether our courts shall be given the power to divide a sentence, suspend in part and enforce in part, is a matter for the Legislature alone to determine.   We do not think they possess such power now.

The judgment of the Municipal Court on August 31 was therefore for the second reason unlawful.   The imprisonment part of the sentence of July 1 could not, as has been stated above, be suspended and the petitioner placed on probation.   When he was permitted to go on such probation he was in legal effect permitted to go at large. The court then surrendered all further control over the cause and person.   *Tuttle* v. *Lang* supra.

Its jurisdiction being ended it had on October 20 no authority to order the petitioner before it, and the order that he serve the two months and issuing the *mittimus* therefor were without authority. His detention was therefore unlawful.

As this conclusion disposes of the case, it is unnecessary to consider the other reasons advanced by the petitioner.

*Exceptions sustained.*
*Petitioner discharged.*