RODNEY C. AUSTIN
*vs.*
STATE OF MAINE

Knox.   Opinion, August 6, 1962

*Harold J. Rubin,* for the Plaintiff.

*Richard A. Foley, Asst. Atty. General,* for the State.

SITTING: WEBBER, TAPLEY, SULLIVAN, SIDDALL, JJ. WILLIAMSON, C. J., AND DUBORD, J., did not sit.

WEBBER, J. Upon a petition for writ of error brought pursuant to the provisions of R. S., Chap. 129, Sec. 11, the justice below ordered that the writ should issue and after notice and hearing determined that the same be dismissed. Exceptions are taken to this ruling.

The record shows that the petitioner was tried by a jury upon an indictment containing ten counts. The first three counts charged the crime of kidnapping in violation of R. S., Chap. 130, Sec. 14, (1) by unlawful confinement and imprisonment, (2) by unlawful and forcible transportation within the state, and (3) by unlawful and forcible transportation to a point outside the state. Count 4 charged abduction in violation of R. S., Chap. 130, Sec. 13. Count 5 charged indecent liberties in violation of R. S., Chap. 134, Sec. 6. Count 6 charged carnal knowledge (statutory rape) of the body of a female child aged fourteen years in violation of R. S., Chap. 130, Sec. 11. The next three counts charged the crime against nature in violation of R. S., Chap. 134, Sec. 3 by (7) buggery, (8) fellatio and (9) cunnilingus. Count 10 charged a prior conviction and sentence to the state prison within the provisions of R. S., Chap. 149, Sec. 3. The jury rendered a verdict of not guilty on count 7 and a verdict of guilty on all other counts. The justice presiding at the trial then sentenced the petitioner in these terms:

> "Rodney C. Austin: The Court, having considered the *offense* of which you stand convicted, orders that you be punished by imprisonment, at hard labor, for the duration of your natural life * * *."
> (Emphasis ours — formal parts omitted)

The petitioner was duly committed to the Maine State Prison under a mittimus which read in part that he was "convicted of the crimes of kidnapping — abduction — defilement (rape) — indecent liberties — carnal knowledge — crime against nature" and was sentenced "for the duration of your natural life." Pursuant to the provisions of R. S., Chap. 149, Sec. 13 as amended, the clerk forwarded to the warden a record of the case in which he purported to satisfy the statutory requirement of "a reference to the statute under which the sentence was imposed" by setting forth that, "The Court, under the provisions of Section 11 of Chapter 149 of the Revised Statutes, refers to Section 3 of Chapter 149 of the Revised Statutes; as the statute under which sentence was imposed in this case."

By his exceptions the petitioner asserts that he is aggrieved (1) by the imposition of a life sentence under a statute (R. S., Chap. 149, Sec. 3) which provides for a sentence to "any term of years," (2) by failure of the presiding justice to specify as part of the sentence the offense for which sentence was imposed, and (3) by failure of the mittimus to specify the conviction to which the sentence is related or to refer to the conviction as a prior offender. He concludes that his sentence is invalid and that he should be resentenced.

R. S., Chap. 130, Sec. 14 (kidnapping) provides for punishment by a mandatory sentence to imprisonment for life. The penalties established by the other statutes involved in the instant case need not be considered in detail since the effect of a conviction under R. S., Chap. 149, Sec. 3 is to increase the maximum permissible limit of punishment under any of them to "any term of years." It suffices to say that no one of these statutes provided for any sentence greater than a stated maximum term of years. Since the actual sentence imposed was to imprisonment for life it is apparent that the petitioner was sentenced only for kid-

napping. There being three counts in the indictment on which the petitioner was convicted, any one of which would support the sentence, we hold that the writ of error was properly dismissed. The authorities fully support the rule which is well stated in 24 C. J. S. 431, Sec. 1567 (4) : "The rule is generally well-settled that a single sentence covering a number of counts on which accused is convicted will not be held invalid if the punishment thereby imposed does not exceed the maximum that could have been imposed for any single count sufficient to support it; and thus a single sentence is valid if it is within the permissible limits that could be imposed for one count, even though it exceeds the permissible limits that could be imposed on another of the counts." Bishop's Criminal Procedure (1913) Vol. 2, Page 1150, Sec. 1327; 15 Am. Jur. 112, Sec. 451 and cases cited.

That sentence may be imposed on each of several counts charging separate offenses is clear. *Smith, Pet'r. for Writ of Error,* 142 Me. 1. It has often been said that it is better practice to impose sentence on each of such counts. 24 C. J. S. 424, Sec. 1567 (3) and cases cited. We are in accord with this view but are not persuaded that failure to conform to this practice necessarily and in all cases constitutes adequate ground for resentencing. *U. S.* v. *Karavias* (1948), 170 F. (2nd) 968, 971.

In the instant case the sentence was by its own terms imposed for one single "offense." We therefore conclude that the presiding justice who imposed the sentence viewed the evidence in support of the first three counts charging kidnapping as disclosing one single and continuous criminal transaction with but one criminal intent and warranting but one punishment. No sentence was imposed for the other separate offenses proven under the remaining counts nor was any effect given to the petitioner's conviction as a prior offender under count 10. There was no absolute requirement that the presiding justice specify in express

terms the offense for which he was imposing sentence. The omission is supplied by reference to the rest of the record in the case.

The petitioner is in no way prejudiced by any errors or omissions in the mittimus. The several crimes of which he was convicted are correctly enumerated therein. The sentence as therein stated conforms with the judgment of the court. The judgment of course controls the precept. *Breton, Pet'r.,* 93 Me. 39, 44; *Wallace* v. *White,* 115 Me. 513, 521; *Cote* v. *Cummings,* 126 Me. 330, 332; Wharton's Criminal Law and Procedure (1957) Vol. 5, Page 481, Sec. 2239.

As noted above, the record transmitted by the clerk to the warden pursuant to R. S., Chap. 149, Sec. 13 as amended referred to R. S., Chap. 149, Sec. 3 as the statute under which sentence was imposed. This was manifestly incorrect as the record discloses. The correct reference should have been to R. S., Chap. 130, Sec. 14. This error in no way prejudices the rights of the petitioner. It has no effect whatever upon the actual legal sentence which was imposed by the court. No doubt the information contained in the record is useful to the warden and we can see no reason why the clerk should not transmit a corrected record to accord with the facts. The suggestion of the petitioner, however, that the official judgment and sentence must yield to an error of the clerk in performing a purely ministerial act has no merit.

The justice below in dismissing the writ of error stated accurately and succinctly, "When we strip away the non-essential parts of the record, we are left with the sentence for life upon a conviction under the kidnapping statute so-called (R. S., Chap. 130, Sec. 14)." With this summation we agree.

*Exceptions overruled.*