**STATE of Maine**

**v.**

**Harold L. McINTYRE (two cases).**

Supreme Judicial Court of Maine.

May 7, 1968.

Forrest W. Barnes, Asst. County Atty., Houlton, for appellant.

Ferris A. Freme, Caribou, for appellee.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN and WEATHERBEE, JJ.

WEBBER, Justice.

Appeals from two convictions for the crime of kidnapping were combined and argued together. The first case (Law Docket #166) was tried before a jury on May 9, 1966. Jury trial in the second case (Law Docket #167) was commenced on May 24, 1966, a new jury having been empaneled.

#### #166

The complainant in this case was a taxi driver who was forced by the respondent at gun point to operate his taxi on a course and at speeds dictated by respondent. This enforced transportation included attempted evasion of police pursuit and culminated in respondent's apprehension and arrest at a police roadblock. The State relied primarily on the testimony of the complainant whose evidence, if believed by the jury, was sufficient to prove the crime of kidnapping beyond a reasonable doubt. The State also presented evidence of admissions made by the respondent to police officers shortly after his arrest and after he had been fully advised of his constitutional rights. These admissions corroborated the testimony of the kidnapping victim. No question was raised as to the voluntariness of these admissions and they were in fact admitted into evidence without objection. No evidence was offered by the defense.

As the case has been briefed and argued it is not entirely clear as to what specific ground is relied upon as the basis for setting this verdict aside on appeal. We gather, however, that respondent's only complaint is that he was not adequately represented by competent counsel. It is apparent upon examination of the trial record that this accusation is frivolous. Upon arraignment, respondent having demonstrated his indigency and requested the appointment of counsel, the presiding Justice appointed the counsel of respondent's own choice. Thereafter motions were seasonably made and argued and in the course of trial, the witnesses for the State carefully cross-examined by respondent's attorney.

Counsel are not to be charged with incompetence merely because they are unable to obtain an acquittal in the face of overwhelming evidence of guilt. State v. Sinclair, (Me.1967) 236 A.2d 66.

#167

In this case the jury could have found on the basis of credible and undisputed evidence that respondent entered the home of the complainant without permission; that he held her, and later her husband as well, prisoner for some hours, again by the display of a revolver and the threat to use it if his orders were not obeyed; that thereafter by the same means of force he compelled complainant to drive him in her automobile to a destination of his selection at which point she was released. Here again the State introduced evidence of admissions made by respondent to police officers which confirmed and corroborated the testimony of complainant and her husband.

In this case respondent first requested that the attorney who had represented him in the trial of #166 be again appointed to represent him in #167. Later, at his request and with his approval, another attorney was appointed to serve as co-counsel in #167 and thereafter respondent was represented by two experienced practitioners. The presiding Justice continued the case for four days to permit the newly appointed attorney to prepare for trial. If appellant intends that his charge of incompetency of counsel pertain also to the trial of #167 it suffices to say that there was no failure to afford the respondent adequate representation and a fair trial.

■ The primary contention of appellant relates to his claim of deprivation of constitutional rights with respect to his admissions introduced into evidence. The point was preserved by means of a motion to strike. It is not disputed that the events constituting the criminal offense charged in #167 occurred during the evening of December 15, 1965 and continued into the early morning of December 16, 1965. Shortly after his release of the complain-

ant in #167 the respondent hired a taxi and there began the series of acts which based the kidnapping charge proven in #166. As already noted, these events culminated in the arrest of respondent. He was thence taken to the Caribou police station. While respondent was in the custody of the arresting officer, Mr. Bernard, chief of police of that town, respondent requested that an attorney be called. He specifically stated that he "wanted the youngest lawyer in town." Chief Bernard called on his behalf the attorney who answered that description and this attorney came to the police station and conferred with respondent. Sergeant Dumond and Trooper Watson, members of the State Police Department who were working on the case, had gone to another community to pursue their investigation and the attorney waited "most of the afternoon" for them to return. Late in the afternoon and after the attorney had left, these officers returned and interrogated the respondent, Chief Bernard then being absent. Sergeant Dumond first advised the respondent of all of his constitutional rights. The respondent said, "Oh, I've heard this before," to which the officer replied, "That doesn't make any difference. I will tell you just the same." These officers did not know and were not told by the respondent or anyone else that respondent had an attorney or had consulted an attorney. On the contrary, the officers asked him if he wanted an attorney and he replied that "he did not care for one at this time." Thereafter the respondent freely and willingly answered the questions put to him. There is no evidence that respondent was under any disadvantage as to age, intelligence or experience with court procedure. On the contrary, although he did not testify, his participation in the trial in the making of motions and colloquy with the Court supports the view expressed by the presiding Justice that respondent was intelligently aware of his rights and especially his right to counsel. Escobedo v. State of Illinois, (1964) 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, relied upon by respondent, recognizes that the right to

counsel at any stage may be knowingly and understandingly waived. We conclude that respondent's right to have his counsel present was waived, and there being no constitutional deprivation in connection with the interrogation, the motion to strike the evidence of his admissions was properly denied.

■ We do not understand that respondent now seriously contends that the indictments were faulty. It suffices to say that in both #166 and #167 the indictments sufficiently charged the crime of kidnapping. Austin, Pet'r. v. State of Maine, (1964) 160 Me. 240D, 202 A.2d 794.

The entry in each case will be

Appeal denied.

DUFRESNE, J., did not sit.